## CLEVELAND RY. CO. v. GLYNN.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8542. Decided Oct. 29, 1928.

(Hughes, P. J., and Justice, J. of the 3rd, and Mauck, J. of the 4th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

### ERROR PROCEEDINGS.
(260 A2) Affidavits, not made part of bill of exceptions, not available.

### TRIAL.
(290 Cc2) Where there are two rules of law given relative to same issue, and one is wrong and one is right, correct charge will not remedy error made in giving wrong charge upon same issue.

Charge that if testimony of plaintiff overweighs testimony of defendant, then she has established her cause by preponderance of evidence, and may recover, clearly erroneous.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

Anderson & Lamb, Cleveland, for Glynn.

HISTORY:—Action in Common Pleas by Glynn against Railway Company for personal injury. Verdict for Glynn. Railway Co. brings error. Judgment reversed. No action in Supreme Court prior to publication date.

## STATEMENT OF FACTS.

HUGHES, P.J.

This action is brought to recover damages for personal injuries alleged to have been suffered by plaintiff by reason of the negligence of the defendant railway company. Upon the trial the negligence of the defendant was admitted and the only question submitted to the jury was whether or not the plaintiff had been actually injured and if so what was the extent of her injury. A verdict in the sum of $8000.00 was returned and error is here prosecuted, based upon three grounds of error.

First: That there was misconduct upon the part of some of the jurors upon their voir dire which prevented the defendant from having a fair and impartial trial.

Second: That the judgment of the plaintiff is not supported by the weight of the evidence and is manifestly the result of prejudice and passion.

Third: That the court erred in its charge in defining preponderance of the evidence.

HUGHES, P.J.

The bill of exceptions contains the examinations of the jurors upon their voir dire. In the briefs for both sides much time and space is devoted to a discussion of the probative value of several affidavits that were used in support of the motion for a new trial upon this ground, but none of these affidavits have been made a part of the bill of exceptions and hence are not available for consideration upon error; 23 O. S. 192; 12 C. C. 679.

The evidence of the plaintiff, if believed, would warrant the finding in the amount returned by the jury. It is true that even from some of the evidence adduced in her behalf, it

might be argued that there is no certainty that the injury plaintiff complained of, or at least all of the injury which she is now complaining of, was the result of this accident charged to the defendant company, but as said before, there is ample evidence in the record to warrant this recovery and hence we cannot find that it is against the weight of the evidence nor is there anything in the record to show that the verdict is the result of passion or prejudice.

The most serious complaint is that in regard to the charge of the court. It is a well settled rule of practice that where there are two rules of law given relative to the same issue and one of them is wrong and one of them is right, that the correct charge will not remedy the error made in giving a wrong charge upon the same issue.

In the case of Plunk v. Railway Co., 74 O. S. 125, the court there said that the rule is that "he who affirms must prove, and when the whole of the evidence upon the issue involved leaves the case in equipoise, the party affirming must fail."

Following the 115 O. S. 124 we are bound to hold that the charge of the court given in the case before us, and found at page 303 of the bill of exceptions saying to the jury that if the testimony of plaintiff overweighs the testimony of the defendant, then she has established her case by a preponderance of the evidence, and may recover, is clearly erroneous, even though there is found in other portions of the charge a correct statement of the rule, the error is not cured and the judgment must be reversed. (Justice and Mauck, JJ., concur.)