Matthias, J.
 

 The question presented in this case is whether the facts disclosed by the record are such as to warrant any recovery of damages by the plaintiff against the commissioners of the county under the provisions of the statute.
 

 Section 6281, General Code, provides in substance that a person assaulted and lynched by a mob may recover from the county in which such assault is made a sum within the limits therein prescribed.
 

 Section 6278, General Code, defines the terms
 
 *512
 
 “mob” and “lynching” as follows: “A collection of people assembled for an unlawful purpose and intending to do damage or injury to any one, or pretending to exercise correctional power over other persons by violence and without authority of law, shall be deemed a ‘mob’ for the purpose of this chapter. An act of violence by a mob upon the
 
 body
 
 of any person shall constitute a ‘lynching’ within the meaning of this chapter.”
 

 There is little dispute as to the facts. They are substantially as follows: The plaintiff, Lexa, and another, Naum, by name, were employed in a lunch room in the city of Cleveland and were engaged in work at night. Shortly before dawn on a certain morning eight men entered the lunch room. Four of them proceeded to the rear and sat down at a counter and ordered something to
 
 eat;
 
 the other four remained in the front, where they purchased cigarettes and cigars from Naum, who was waiting on the cigar counter and attending to the cash register. Lexa, after serving those who had ordered something to eat, asked them to pay, to which one of them replied, “Well, you’ll get your money all right, don’t worry.” Then the four who had patronized the cigar counter started to leave without paying, and Naum demanded payment, which they refused, and Naum attempted to stop them from going out. A general tussle followed, and the four whom Naum had served attacked him and were dragging him through the door and out upon the sidewalk when he called for help, to which Lexa responded. Thereupon the four who had been eating participated in the affray, during which Lexa was shot in the leg.
 
 *513
 
 Although there is no evidence showing who shot Lexa, it is disclosed that neither Naum nor Lexa was armed, and it is conceded by counsel for the defendants that the inference is reasonable that Lexa was shot by one of the eight men. Did the acts recited constitute a “lynching” by a “mob”? That is the question presented.
 

 The recovery authorized by the statute is penal in its nature.
 
 Board of Commrs. of Champaign County
 
 v.
 
 Church, Admr.,
 
 62 Ohio St., 318, 57 N. E., 50, 48 L. R. A., 738, 78 Am. St. Rep., 718. That statute is also in derogation of the common law- and must therefore be strictly construed and applied. It is fundamental also in the construction and application of a statute that the purpose to be served, the object to be attained, as well as the evil to be remedied, shall be considered. ‘
 
 ‘
 
 The mischief intended to be removed or suppressed or the cause or necessity of any kind which induced the enactment of a law are important factors to be considered in its construction. The purpose for which the law was enacted is a matter of prime importance in arriving at a correct interpretation of its terms.” Sutherland, Stat. Const. (2d Ed.), vol. 2, Section 471.
 

 The title of the original act (92 Ohio Laws, 136, passed April 10, 1896) clearly indicates the purpose of the legislation, which was, “For the suppression of mob violence.” It is quite clear that its enactment was primarily for the purpose of the prevention and suppression of the operation of self-constituted groups, by whatever name, which form and assemble for the purpose of inflicting punishment upon those whom they conceive to have been guilty
 
 *514
 
 of conduct offensive to them, and which should in some manner receive punishment, or for the purpose of intimidating and compelling action and conduct in accordance with the views and desires of the intimidators. The method adopted to attain the end sought was to penalize the subdivisions of the state for failure of their officers to exercise the diligence required to prevent such mob violence. It is not conceivable that there was any purpose to make a subdivision respond in damages to a person who was assaulted as a result of a dispute with reference to the payment of a bill, even though it may be that in advance-of the procurement of merchandise the intent had been formed not to pay and a plan had been agreed upon to resist the enforcement of payment should such effort be made. If there is a liability of the county under such circumstances, then every person injured in a holdup or a bank robbery may be able to maintain a suit and secure recovery against the county, for in such cases there is an assembly of persons for an unlawful purpose, and an intent to injure any person who attempts to thwart that purpose. All the provisions of the statute must be considered and construed together, and so doing it becomes apparent that to constitute such a mob it is not enough to have merely an assembly of people for an unlawful purpose, intending to do damage or injury to some one; but there must further be the purpose of violently exercising correctional or compulsory power by summary punishment or intimidation in order to constitute such collection of persons a mob within the purpose, scope, and meaning of Section 6278, General Code. There could be no sound
 
 *515
 
 reason for permitting a recovery by one who was injured by tbe combined action of several criminals and denying tbe same right of recovery to one injured by a single criminal performing like acts, moved by like intent and purpose. It is the duty of the court, if possible, so to construe statutes as to avoid absurd consequences.
 

 Of the various meanings of the word “or” it is quite clear that that meaning must have been intended by the Legislature in the enactment of this statute which serves to relate similar ideas and connect them to each other, and that to constitute a mob, the activities of which were sought to be suppressed by this legislation, the unlawful purpose of the collection of persons must comprehend the exercise of correctional or compelling power without authority of law.
 

 It follows that the judgment of the Court of Appeals reversing the judgment of the court of common pleas and entering final judgment in favor of the original defendants was right; and it will therefore be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.