Matthias, J.
The single issue presented herein is whether, under existing statutory law of the state of Ohio, public officers of the state charged with the duty of preparing plans and specifications or awarding bids for the erection, alteration or repair of buildings of the state, by the state, shall advertise for separate bids for work providing for the installation of (1) plumbing, (2) heating and ventilating and (3) electrical equipment and award contracts on the basis of such separate bids where such work would exceed in cost the sum of one thousand dollars.
The issue thus stated was so confined by the trial court in the rulings on the motions for judgment on the pleadings and the judgment, and was likewise so confined by the Court of Appeals.
The plaintiffs in their amended petition pray for the court to declare and construe the sections of the General Code enumerated therein, to the effect that defendants “are permitted the discretion to prepare specifications for, advertise for, and award contracts for work falling within their jurisdiction and control upon either a combination bid or separate bid basis as they deem to be in the public interest.'”
The motion for judgment on the pleadings by plaintiffs in which they assert that they are “entitled by law to judgment in their favor in accordance with the prayer of said amended petition” was overruled by the trial judge.
The defendants in their joint answer pray “that this court declare that, under the existing provisions of the statutes of Ohio, and particularly under the provisions of Sections 2314-1 and 2314-2, ‘combination bids’ for the installation of (a) heating and ventilating, (b) plumbing, and (c) electrical are not authorized.”
A motion for judgment on the pleadings by defendants in which they “move the court for judgment in their favor on the pleadings filed herein for the *196 reason that, on the statements in such pleadings, the defendants are entitled by law to judgment in their favor” was sustained by the trial court, and judgment was accordingly rendered for the defendants.
The trial court in passing on the motions for judgment on the pleadings necessarily considered the prayers of the respective pleadings, and, since that of plaintiffs would have required a finding of complete discretion in the public officers, properly overruled such motion when the court determined that Sections 2314-1 and 2314-2 required separate bidding for plumbing, heating and ventilating and electrical work, and, in sustaining the motion of defendants, the court necessarily confined its decision to the relief prayed for in their joint answer.
In order to determine the issue it is necessary that the court first consider the act passed by the 90th General Assembly in 1933 (115 Ohio Laws, 406, House Bill No. 162), reading as follows:
“AN ACT
“To amend Section 2364 and to enact supplemental Sections 2314-1 and 2314-2 of the General Code, to provide for separate bidding on mechanical equipment on contracts for the erection or alteration of state buildings.
“Be it enacted by the General Assembly of the State of Ohio:
“Section 1. That Section 2364 of the General Code be amended and that supplemental Sections 2314-1 and 2314-2 be enacted to read as follows:
“Section 2364. The contract for doing the work belonging to each separate trade or kind of mechanical labor, employment or business or for the furnishing of materials therefor, or both, shall be awarded by such officer, board or other authority in its discretion, to the lowest and best separate bidder therefor, and shall *197 be made directly with Mm or them in the manner and upon the terms, conditions and limitations as to giving bond with security and otherwise as prescribed by law, unless it is let as a whole, or to bidders for more than one kind of work or materials. The provisions of this and the preceding two sections shall not apply to the erection of buildings and other structures of a less cost than ten thousand dollars, except as provided in Sections 2314-1 and 2314-2 of the General Code.
“Section 2314-1. Every department or board, bureau, commission, body or person charged with the duty of preparing plans, specifications, and blueprints for the erection, alteration or repair of any building in the state of Ohio, by the state of OMo, and every officer or person designated by such department, or board, or bureau, or commission, or body to act for it and in its stead, and charged with the duty of preparing such plans, specifications and blueprints, which shall provide for the Mstallation of plumbing and gas fitting and all work Mndred thereto, or of the steam and hot-water heating, ventilating apparatus, steam-power plant and all work Mndred thereto, or the electrical equipment and all work Mndred thereto, shall, when the entire cost of the erection, alteration or repair of the plumbing and gas fitting and all work Mndred thereto, or the steam and hot-water heating, ventilating apparatus, steam-power plant and all work Mndred thereto, or the electrical equipment and all work Mndred thereto, is to exceed the sum of one thousand dollars, hereafter prepare separate plans, specifications and blueprints for each of the following branches or classes of the work to be performed.
“First, plumbing and gas fitting, and all work kindred thereto;
“Second, steam and hot-water heating, ventilating apparatus, steam-power plant and all work kindred thereto; and
*198 “Third, electrical equipment, and all work kindred thereto.
“Such plans, specifications and blueprints must be so prepared and drawn as to permit separate and independent proposals and bids upon each of the branches or classes of work in the three above subdivisions.
“Section 2314-2. Every department, or board, or bureau, or commission, or body, or person charged with the duty of awarding or entering into contracts for the erection, alteration or repair of any building in the state of Ohio, by the state of Ohio, and every officer or pers'on designated by such department, or board, or bureau, or commission, or body to act for it and in its stead, and charged with the duty and duly empowered to award and enter into such contracts, which shall provide for the installation of plumbing and gas fitting and all work kindred thereto, or the steam and hot-water heating, ventilating apparatus, steam-power plant and all work kindred thereto, or the electrical equipment and all work kindred thereto, shall, when the entire cost of the erection, alteration, or repair of the plumbing and gas fitting and all work kindred thereto, or the steam and hot-water heating, ventilating apparatus, steam-power plant, and all work kindred thereto, or the electrical equipment and all work kindred thereto, is to exceed the sum of one thousand dollars, hereafter award the respective work specified in the subdivisions mentioned in Section 2314-1 of the General Code separately to responsible and reliable individuals, firms or corporations.
“Section 2. That existing Section 2364 of the General Code be, and the same is hereby repealed.”
We are thus restricted to a determination of the effect of new Sections 2314-1 and 2314-2 on the proposals, bidding and awarding of contracts on (a) heating and ventilating, (b) plumbing and (c) electrical *199 work on the construction, alteration or repair of state buildings by the state of Ohio.
The court has taken into consideration Sections 2317, 2319, 2362, 2363 and 2364, General Code (Sections 153.06, 153.08, 153.50, 153.51 and 153.52, Revised Code), and finds them to be general statutory provisions which cover other subjects as well as the specific subject matter with which we are concerned.
Sections 2314-1 and 2314-2, General Code, require that contracts be awarded separately for each of the three branches of work specified therein, viz., (a) plumbing and gas fitting, (b) steam and hot-water heating, ventilating apparatus and steam-power plant and (c) electrical equipment, and all work kindred to each, where the entire cost of the work of any of such three branches exceeds one thousand dollars.
The provisions of Sections 2314-1 and 2314-2 are positive, clear and mandatory. Their enactment changed the law as it existed prior to 1933.
This fact is illustrated by the language of the provisions themselves where they state that the appropriate state official (Section 2314-1) “shall * * * hereafter prepare separate plans, specifications and blueprints for each of the following branches of classes of the work” and (Section 2314-2) “shall * * # hereafter award the respective work * * * separately to responsible and reliable individuals, firms or corporations.”
The use by the General Assembly of the word, hereafter, in both the new sections clearly indicates that regardless of the bidding procedure authorized by statute prior to that time, Sections 2314-1 and 2314-2 were thereafter to control the bidding upon certain phases of the erection, alteration or repair of state buildings.
Such sections are, then, specific statutory provisions regarding bidding upon certain “branches or classes of work to be performed” in the erection, al *200 teration or repair of state buildings, and are to be construed by the following rule as set out by this court:
“A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable.” Andrianos v. Community Traction Co., 155 Ohio St., 47, paragraph one of the syllabus, 97 N. E. (2d), 549. See, also, State, ex rel. Elliott Co., v. Connar, Supt., 123 Ohio St., 310, 175 N. E., 200; Acme Engineering Co. v. Jones, Admr., 150 Ohio St., 423, 83 N. E. (2d), 202; Pilgrim Distributing Corp. v. Galsworthy, Inc., 148 Ohio St., 567, 76 N. E. (2d), 382.
That part of Section 2364, as amended, which reads, “except as provided in Sections 2314-1 and 2314-2 of the General Code,” merely serves as.a warning flag to the reader thereof to refer to Sections 2314-1 and 2314-2 and their specific provisions which require that contracts for certain branches of work be let separately irrespective of the total cost of a state building.
Although the title of an act is not dispositive, it is sometimes helpful in arriving at legislative intent. The title of House Bill 162 (115 Ohio Laws, 406) discloses that such bill’s purpose was “to amend Section 2364 and to enact supplemental Sections 2314-1 and 2314-2 of the General Code, to provide for separate bidding on mechanical equipment on contracts for the erection or alteration of state buildings.”
“The title of the act # # indicates the purpose which induced the enactment of such law, and must be considered in arriving at a correct interpretation of its terms.” Lexa v. Zmunt et al., Bd. of County Comms., 123 Ohio St., 510, 176 N. E., 82.
When all these sections and the title to the act are read with reference to each other they are clear and unambiguous in regard to the issue before the court.
“When the meaning of the language employed in *201 a statute is clear, the fact that its application works an inconvenience or accomplishes a result not anticipated or desired should be taken cognizance of by the legislative body, for such consequence can be avoided only by a change of the law itself, which must be made by legislative enactment and not by judicial construction.” State, ex rel. Nimberger, v. Bushnell et al., Bd. of Edn., 95 Ohio St., 203, 116 N. E., 464.
It is, therefore, our conclusion, as was well stated by the trial court, “that every department or board, or bureau, or commission, or body or person charged with a duty of awarding or entering into contracts for the erection, alteration or repair of any building in the state of Ohio, by the state of Ohio, is required to make separate contracts, based on separate bids for the plumbing, heating and electrical work for a state building, when the entire cost of the work covered by each or any of such three trades exceeds one thousand dollars.”
Thus, we hold that the proposal made by The Ohio State University, containing the language, “bidders are invited to bid on * * * any combination of divisions” and “a single bid for any combination of divisions may, however, be lower than the total of separate bids for such combination of divisions,” since it included work for plumbing, heating and ventilating and electrical work, was invalid under the terms of Sections 2314-1 and 2314-2, G-eneral Code (Sections 153.02 and 153.03, Revised Code), and the bids made in conformity with said proposal were properly rejected.
It follows that the judgment of the Court of Appeals, affirming the judgment of the trial court, should be, and it hereby is, affirmed.

Judgment affirmed.

Weygandt, C. J., H.art, Zimmerman, Stewart, Bell and Taet, JJ., concur.