LANDESMAN, APPELLEE, *v.* BOARD OF COUNTY COMMISSIONERS, APPELLANT

[Cite as Landesman v. Bd. of County Commrs., 9 Ohio App. 2d 319.]

(No. 27941—Decided March 16, 1967.)

*Mr. Maxwell Gruber* and *Mr. Leonard Lybarger*, for appellee.

*Mr. John T. Corrigan*, prosecuting attorney, *Mr. A. M. Braun, Mr. John L. Dowling* and *Mr. Adam P. Angelas*, for appellant.

CORRIGAN, J. This case comes to this court on questions of law from a judgment rendered upon a jury verdict for the plaintiff in the Municipal Court of Cleveland.

On a summer night in 1958, plaintiff, while driving west on

Chagrin Boulevard in Shaker Heights, Ohio, stopped for a traffic light; thereupon, three men, one of whom brandished a knife, entered his car. He then drove where directed. The itinerary terminated in the area of East 71st Street and Central Avenue in Cleveland. He was then grabbed by the throat, robbed and left in his car devoid of ignition key. Some minutes later he left his car and ventured into Johnson's Billiard Parlor at 7110 Central Avenue and inquired if he could use a telephone to call the police. One of the fourteen or so people in the poolroom answered negatively with emphasis. The plaintiff then made his exit followed by two or three men, and outside in the vicinity of the poolroom was savagely beaten, kicked and, according to the police report, robbed again, during which incident a few more people gathered and witnessed this attack. Plaintiff was subsequently taken to the hospital by two policemen who arrived on the scene. At a later date he received further hospital treatment, and there was a long period of convalescence for his multiple injuries.

Plaintiff filed this action purportedly under favor of Chapter 3761, Revised Code, against the Board of County Commissioners of Cuyahoga County. The provisions thereof pertinent to the case at bar are as follows:

Section 3761.01. "As used in Sections 3761.01 to 3761.10, inclusive, of the Revised Code:

"(A) 'Mob' means a collection of people assembled for an unlawful purpose and intending to do damage or injury to anyone, or pretending to exercise correctional power over other persons by violence and without authority of law.

"(B) 'Lynching' means an act of violence by a mob upon the body of any person.

"(C) 'Serious injury' means such injury as permanently or temporarily disables the person receiving it from earning a livelihood by manual labor."

Section 3761.03. "A person assaulted and lynched by a mob may recover, from the county in which such assault is made, a sum of not to exceed five hundred dollars; or, if the injury received therefrom is serious, a sum of not to exceed one thousand dollars; or, if such injury results in permanent disability to earn a livelihood by manual labor, a sum of not to exceed five thousand dollars."

The jury returned a verdict in the amount of $1,000 in favor of plaintiff, upon which judgment was rendered, and an appeal was taken to this court.

The appellant, Board of County Commissioners, assigns the following as errors:

"I. First Assignment Of Error.

"A. Applicable Law—Matter offered in evidence must be relevant to the issues in the case. Failure of the trial court to instruct the jury to disregard irrelevant evidence completely, over objection, is prejudicial error.

"B. From the record in this case, plaintiff-appellee's counsel pursued and the trial court permitted the introduction of highly prejudicial, irrelevant, immaterial and incompetent evidence, over objection of defendant-appellant.

"II. Second Assignment Of Error.

"1. The court did not instruct the jury to disregard wholly irrelevant, incompetent and immaterial evidence as described from the record in the first assignment of error.

"2. The special instructions submitted by plaintiff-appellee and read by the court to the jury contained erroneous statements of the law on the requisite elements of a 'mob' case; that further, said special instructions contained matters for the jury to consider which were not in conformity with the evidence in the case.

"3. The general charge given to the jury correctly stated the law on the requisite elements of a 'mob' case, thereby rendering its special charge inconsistent, conflicting and contradictory to its general charge on the same issue.

"III. Third Assignment Of Error.

"The provision of the Revised Code Section 2309.58 as applies to this case permits pleading to be amended 'by conforming the pleadings to the facts proved' and the court prejudicially erred in allowing plaintiff-appellee to amend his third amended petition where there was a failure of proof on the allegations therein inserted.

"IV. Fourth Assignment Of Error.

"From the record in the case, plaintiff-appellee failed to prove the following requisite elements of a 'mob' case:

"(1) that there was a 'collection of people' of not less than three persons,

"(2) that such a collection of people assembled with the intent to do damage or injury to plaintiff-appellee, and

"(3) exercised correctional power over him for a real or supposed crime.

"V. Fifth Assignment Of Error.

"From the record in the case, the jury was influenced by prejudice, bias and sympathy and the judgment is in fact unsupported by the evidence as a matter of law."

It is stated in *Board of Commissioners of Butler County* v. *Beaty*, 11 Ohio App. 111, that the intent of the Legislature in enacting this law was "to punish the inhabitants of a community for permitting riots, and to incite them to suppress and prevent the same by making it a matter of interest to the taxpayers to give their moral support to the enforcement of law and order."

Although earlier cases held contra, the statutes in question must be strictly construed in that they are penal in nature and in derogation of the common law. See *Lexa* v. *Zmunt*, 123 Ohio St. 510.

As to assignment of error No. 1, the trial court permitted, over objection, into evidence as an exhibit a report entitled "Positions and Percentages of Zones as Determined by A Number of Major Crimes Reported from Each Zone During Year 1958." This report set forth the number of major crimes committed in the police zone of city of Cleveland, county of Cuyahoga, where plaintiff was assaulted, and reflected that such district in relation to other police districts had the greatest incidence of crime. Evidence to be legally competent in a cause must be pertinent to the issues raised therein. This principle is so rudimentary that no citation is necessary. In this cause we are concerned with whether the plaintiff was lynched by a mob (as defined by statute). The fact that these injuries were inflicted upon plaintiff while he was present in an area that has a heavy crime incidence has no bearing whatsoever on the question at issue, and the admission of this exhibit into evidence constituted prejudicial error.

Questions were asked upon cross-examination of a defense witness as to whether he had knowledge of a certain policeman being beaten by a mob in the same police district; as to news-

paper articles dealing with mob rule; as to utterances by the mayor regarding mob rule. This line of questioning was very far afield and highly improper; these questions relate to the word "mob" as used in its generic sense and have no bearing whatsoever on the proof needed by plaintiff to establish a "mob" under its statutory definition. The objections to these questions should have been sustained and the jury instructed to disregard them, and we deem that, by not so doing, the trial court committed error prejudicial to the substantial rights of the defendant.

Regarding assignment of error No. 2, the defendant claims error in connection with the following special charges submitted by plaintiff and given by the court:

1. "The court charges you that it is the law of Ohio that while it is essential that the alleged assault, if such occurred, be made by a mob, yet, if there was a collection of individuals assembled in the premises or immediate vicinity of Johnson's Pool Room, 7110 Central Avenue, in Cleveland, for the unlawful purpose of damaging or injuring the plaintiff, Aaron Landesman, or of exercising correctional powers over him, by violence and without authority of law, if any one or more members of said mob, in furtherance of the mob's unlawful purpose, actually made the assault, it is a sufficient assault by the mob."

2. "The court charges you that if you find that a collection of people assembled for an unlawful purpose in or about the premises and immediate vicinity of Johnson's Pool Room, 7110 Central Avenue, in Cleveland, for an unlawful purpose and intending to do damage or injury to the plaintiff, Aaron Landesman, or for the purpose of exercising correctional power over him by violence and without authority of law and then proceeded to carry out its unlawful purpose by beating and kicking the plaintiff, Aaron Landesman, then in such event you must find that the county of Cuyahoga, as represented by the Board of County Commissioners, is answerable to the plaintiff for having failed to suppress said mob."

The charges are erroneous in that there is no proof that the collection of people attempted to exercise correctional power over the plaintiff. The charges contain language referring to the unlawful purpose of injury *or* of exercising correctional

power over plaintiff. This is incorrect in that both elements must be proved, according to the interpretation of Section 3761.-01 (A), Revised Code, by the Supreme Court of Ohio. In *Lexa* v. *Zmunt*, 123 Ohio St. 510, paragraph three of the syllabus provides:

"To warrant a recovery under such statute it is not sufficient to show an injury resulting from the acts of a collection of people assembled for an unlawful purpose and intending to do damage or injury to some one, but there must appear also a purpose of exercising correctional power by violence and without authority of law."

Moreover, the court's general charge follows the above case and instructs that both elements must be proved, thereby putting the general charge in direct conflict with the special written charges given before argument and which are with the jury during their deliberations. The correctness of the general charge does not remedy the prior errors in the special charge, for the jury cannot be expected to discern which charge is accurate. See *Cleveland Ry. Co.* v. *Goldman*, 122 Ohio St. 73, and *Cleveland Ry. Co.* v. *Glynn*, 6 Ohio Law Abs. 704.

We deem the above errors prejudicial to the substantial rights of the defendant.

We will consider the remaining assignments of error together.

A collection of people, within the meaning of the statute, has been determined to be an assemblage of not less than three. *Zmunt* v. *Lexa*, 37 Ohio App. 479.

Defendant contends that only two of the 14 or 15 persons assembled in the poolroom actually followed plaintiff outside and inflicted injury upon him, and that this, therefore, would foreclose recovery because the assemblage was fewer than three. This argument is not tenable because on cross-examination plaintiff testified that three instead of two persons followed him from the poolroom and administered the beating. Such contradiction was for the jury to weigh.

The unlawful purpose of a mob intending to do damage to anyone, which can develop before or subsequent to the assemblage of a mob, is a question of fact for the jury. The record discloses that the plaintiff walked into the poolroom in

which were assembled 14 or 15 people and stated in a loud voice that he had been held up and wanted to call the police; that these people gathered around and one of them responded, calling him a liar and telling him he was not going to allow him to call the police, and that the plaintiff then immediately walked out of the poolroom, followed by two or three persons who administered the beating.

The unlawful purpose in this case would have to be shown to have been upon or subsequent to plaintiff's entrance to the poolroom. The gathering together, the utterances of one of the people directed to plaintiff, and the subsequent beating which itself cannot be linked with the assemblage as a whole, or such beating by two or three men, standing alone, all were facts and circumstances before the jury and could constitute sufficient evidence to substantiate a finding of unlawful purpose. The jury by its verdict found such an unlawful purpose.

However, in regard to the exercise by a mob of correctional power, which is also required, the Supreme Court of the state of Ohio had the following to say in *Reynolds* v. *Lathrop*, 133 Ohio St. 435, at page 437:

"In contemplation of the statutory enactments affording recovery for lynching, an exercise of correctional power consists in an unlawful attempt by a mob to mete out justice by physical force and violence to a real or supposed wrongdoer without awaiting the action of the lawfully constituted authorities. It is immaterial whether a felony or misdemeanor has been committed or whether the victim of the assault is in custody of the law or whether a charge has been lodged against him. If the mob, in assaulting and injuring him, is attempting to administer justice with its own hands in the interest of the public good and is not acting for its own selfish or personal ends, then the assailants exercise correctional power by force and without authority of law."

The court erroneously permitted plaintiff to conform his pleadings to his theory of certain evidence to the extent of alleging that the assemblage accused plaintiff of criminal conduct in that he made a false police report and of being a suspicious person, contrary to ordinances of the city of Cleveland. We can attribute no wrongdoing or supposed wrongdoing to the

plaintiff. We consider that the conduct of the assemblage or any member thereof as reflected by the record in this case is not a valid expression of correctional power within the purview of the statute. In fact, there is an absolute absence of any evidence in this record tending to establish the necessary conjunctive essential which affords a basis of recovery for lynching, namely, that of an unlawful attempt by a mob to mete out justice by physical force and violence to a real or supposed wrongdoer without awaiting the action of the lawfully constituted authorities, or in other words, of the plaintiff's assailants exercising correctional power by force and without authority of law.

Therefore, assignment of error No. 3, branch 3 of assignment of error No. 4, and branch 2 of assignment of error No. 5 are sustained.

Accordingly, for the reasons given, the judgment of the Municipal Court of Cleveland is reversed, and final judgment is rendered for defendant.

*Judgment reversed.*

ARTL, C. J., and SILBERT, J., concur.