PARKER ET AL., APPELLANTS, *v.* BD. OF COUNTY COMMRS., APPELLEE.

(No. 10476—Decided April 22, 1968.)

*Messrs. Kelley, Grossheim & Bavely,* for appellants.
*Mr. Melvin G. Rueger* and *Mr. John A. Gehrig,* for appellee.

SHANNON, J. This matter comes before us as an appeal on questions of law from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant John Kelly filed a petition in the Cincinnati Municipal Court in which he claimed that on June 13, 1967, he was operating a taxicab in Cincinnati when "he was beseiged by mobs of rioters seeking to bring about social reform by violence." He claims, further, that he was "assaulted, battered and lynched" by such mob, thereby sustaining certain injuries and damage.

Plaintiff-appellant Harmon Parker filed a petition in the Court of Common Pleas of Hamilton County alleging that he was operating a taxicab on June 14, 1967, in Cincinnati when he was "assaulted and lynched by a mob," suffering injuries and damages as a result.

To each of these petitions the defendant-appellee, the Board of County Commissioners, filed a demurrer.

The demurrer to Kelly's petition was sustained in the

Municipal Court and appeal taken to the Court of Common Pleas. There it was consolidated with Parker's case for hearing. The court sustained the demurrer in Parker's case, entered judgment against him, and affirmed the Municipal Court's decision in Kelly's case. Consequently, both cases are now before us.

It is unfortunate that we are confronted with the case upon the question of the propriety of the sustaining of demurrers. We would much prefer to approach the central issue, to wit, does Section 3761.03 of the Revised Code indemnify a citizen injured at the hands of a mob of rioters seeking to bring about social reforms by violence.

Both plaintiffs in their petitions pleaded the language of the statute in that they set forth therein an allegation that they were "assaulted and lynched." In so doing, we find that a cause of action was stated and that they must be given a day in court to, at least, attempt to prove that they are protected by the statute.

The courts below, in sustaining the demurrers, denied plaintiffs such an opportunity, and such decisions must be reversed on that sole ground.

As was made plain from the bench upon the argument before us, if this matter were here on the merits this court would endorse the definition of "lynch" adopted by the lower courts and would dispose of the issue involved in harmony with *Lexa* v. *Zmunt et al., Board of County Commissioners of Cuyahoga County,* 123 Ohio St. 510, paragraph three of the syllabus of which states:

"To warrant a recovery under such statute it is not sufficient to show an injury resulting from the acts of a collection of people assembled for an unlawful purpose and intending to do damage or injury to some one, but there must appear also a purpose of exercising correctional power by violence and without authority of law."

Accordingly, the decisions are reversed and the causes remanded to the Cincinnati Municipal Court (now the Hamilton County Municipal Court) and to the Court of Common Pleas.

*Judgments reversed.*

LONG, P. J., and HILDEBRANT, J., concur.