**BRUNER, Plaintiff-Appellant, v. McGLOTHIN, a minor et, Defendants-Appellees.**

Ohio Appeals, Second District, Darke County.

No. 693.   Decided November 15, 1951.

478

Spidel, Staley & Hole, Greenville, for plaintiff-appellant.

Marchal & Marchal, Greenville, for defendant-appellee, William Jacob McGlothin.

Jess K. Brumbaugh, Greenville, for appellee, Lois Mollenkoph.

## OPINION

By THE COURT:

The first question presented by this appeal is whether or not the condition of the automobiles after a head-on collision is sufficient to raise an inference of negligence that the defendant was operating the automobile at a dangerous rate of speed or that she failed to keep it under control. We think that this evidence was insufficient to establish any negligence upon the part of the defendant, and that the trial court did not err in directing a verdict for the defendant at the close of the plaintiff's case. Negligence is never presumed but must be proven and the evidence offered did not tend in any way to establish such on the part of the defendant.

The next question is whether an emergency arises when the lights of a motor vehicle being lawfully driven on the highway suddenly and without warning go out. If it does then §6307-83 GC has application and there is no violation of the statute which requires certain lights to be on such vehicles. The record discloses that the driver of the car, upon the lights going out, immediately stopped the same with the right wheels upon the berm of the road, and before he could get out of it the collision occurred, the plaintiff striking it from the rear while parked as previously stated. Under the state of the record we think that the trial court properly concluded that an emergency arose and that §6307-83 GC was applicable. All of the dictionaries we have consulted seem to agree that an emergency arises when there is a sudden or unexpected occurrence or combination of occurrences which demand prompt action. As was held in the case of **Sheridan v. Werkheiser, 88 Oh Ap 474,** whether or not an emergency exists can be determined only after the facts are presented. They were fully presented in the case at bar, and from them we think the court properly concluded that an emergency arose and that reasonable minds could not differ upon this question or whether or not ordinary care was exercised by the defendant thereafter.

Finding no error in the record the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.