BADURINA, SR., APPELLANT, *v.* BOLEN, APPELLEE.

(No. 6688—Decided October 17, 1961.)

*Messrs. Reeves & Herron,* for appellant.
*Mr. Rodney B. Baldwin* and *Mr. Reno J. Menapace,* for appellee.

COLLIER, J.   This is an appeal on questions of law from a judgment entered upon the verdict in favor of the defendant and from an order overruling plaintiff's motion for a new trial. The action is one for negligence arising out of a collision between the truck of the plaintiff and the automobile of the defend-

ant which occurred on October 2, 1957, on Williams Road in the city of Columbus, Ohio. The parties will be referred to herein as the plaintiff and defendant in the same relation they appeared in the Common Pleas Court.

The three specifications of negligence in plaintiff's petition are:

"1. In operating his motor vehicle at a speed which was greater than would permit him to bring it to a stop within the assured clear distance ahead.

"2. In operating his motor vehicle at a speed which was greater than reasonable for the circumstances and conditions and surroundings then and there existing, to wit: 45 miles per hour.

"3. In failing to have his motor vehicle under control."

And the allegations of negligence of the plaintiff in defendant's answer are:

"(1) The plaintiff placed a Ford motor truck on the paved portion of said Williams Road headed in a westerly direction at or near plaintiff's residence and while the said motor truck was disabled, the plaintiff failed to display any warning devices or give this answering defendant any warning concerning the disabled motor truck on said highway and as a result plaintiff failed to use ordinary care for his own safety and the safety of other users of said highway, and/or,

"(2) That plaintiff was further negligent in placing his motor truck in a position so that it was somewhat left of center of the paved portion of the highway, and/or,

"(3) That plaintiff was further negligent in not using ordinary care for his own safety and person by placing himself upon the highway in front of the disabled motor truck when plaintiff knew that there were other lawful users of the highway approaching on said highway and that it was dangerous and perilous for him to be upon the highway as he was under the conditions then and there existing at the time or approximate time of this collision."

The facts are not much in dispute and may be summarized as follows: On October 2, 1957, the plaintiff started a 1932 Ford truck by cranking it by hand and drove it out of his private driveway onto Williams Road. It was about 5:40 a. m., dark and very foggy. Almost immediately after entering Williams

Road, a two-lane highway, eighteen feet in width, plaintiff's truck, headed in a westerly direction, stalled near the center of the road with the left rear wheel of the truck approximately one foot over the center line into the eastbound lane of traffic. The front and rear lights on plaintiff's truck were lighted. The plaintiff immediately got out of his truck with a crank and a flashlight and went to the front of the truck to crank the motor. The plaintiff had flares in his truck but did not attempt to use them. He saw the headlights of an automobile approaching from the west and attempted to flag the eastbound vehicle with his flashlight. This automobile, which was being driven by a Mr. White, struck the left rear of plaintiff's truck and continued a short distance and stopped along the berm.

The plaintiff, who had only one hand, then put the flashlight in his pocket and started to crank his truck in order to get it off the highway. After a turn or two of the crank, plaintiff's truck was struck in the rear by defendant's automobile, being driven by the defendant in a westerly direction at the rate of about 25 to 30 miles per hour. The defendant did not see plaintiff's truck until he was within two car lengths from it. The impact of defendant's automobile striking the truck moved it forward, and the front bumper of the truck struck plaintiff's knee and threw him to the ground, thereby causing the injuries complained of.

The assignments of error will be considered in the order stated in plaintiff's brief.

(1) Did the trial court err in failing to give special charge "A," requested by plaintiff, which reads:

"Members of the jury, I charge you that when the plaintiff drove out of his driveway onto Williams Road and his truck stalled on the highway without any fault of his own, he was confronted with and placed in a position of sudden emergency."

In our opinion, the case of *Miller* v. *McAllister*, 169 Ohio St., 487, is dispositive of this question. The facts and circumstances in the *Miller case* are very similar to the facts in the case at bar. Mr. Miller, the plaintiff, was standing in front of a truck on the highway, working on the disabled motor, when the defendant's vehicle approached from the rear of the stalled truck, in a blinding snow storm, and struck the disabled truck, thereby causing plaintiff's injuries. In that case it was held:

"6. In a negligence action, the so-called 'emergency doctrine' applies only where there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation and does not comprehend a static condition which lasted over a period of time."

This is the generally accepted definition of an emergency, as that term applies to the law of negligence. 38 American Jurisprudence, 686, Section 41; *Helvich* v. *George A. Rutherford Co.*, 96 Ohio App., 367; and *Bruner* v. *McGlothin, a Minor*, 66 Ohio Law Abs., 477; 39 Ohio Jurisprudence (2d), 514, Section 22. The "emergency doctrine" may not be invoked in a negligence action when the element of sudden peril was lacking. In the instant case, the plaintiff had been in front of his truck some little time and had already witnessed the collision between his truck and the eastbound automobile before the collision with the defendant's automobile happened. Thus, the plaintiff was given time and opportunity for more or less deliberation, the absence of which is a prerequisite to the application of the "emergency doctrine." This assignment is overruled.

(2) Under assignment of error No. 2, the plaintiff claims error by the trial court in refusing to give special charges "B" and "C" requested by plaintiff. The substance of these charges is that where one, without his fault, is placed in a position of sudden emergency, the same degree of care is not required of him as is required of one who is acting under normal conditions. These charges are based on the same rule as stated in charge "A," requested by the plaintiff. Having determined, on the authority above cited, that under the facts and circumstances as shown by the evidence, the plaintiff was not confronted with sudden peril, but had time for reflection, the "emergency doctrine" was not applicable and special charge "A" was properly refused, it follows that the trial court did not err in refusing to give charges "B" and "C" requested by the plaintiff. This assignment of error is without merit.

(3) For assignment of error No. 3, plaintiff claims the trial court erred in giving special instructions Nos. 1 and 2 requested by the defendant as follows:

"*Instruction No. 1*: In the answer, the defendant Jack A. Bolen, not only denies that he was negligent, but also alleges

that the plaintiff, Joseph Badurina, was negligent and that such negligence directly and proximately contributed to the accident and injury suffered by the plaintiff, Joseph Badurina. In the reply plaintiff, Joseph Badurina, denies this allegation of contributory negligence which places the burden upon the defendant, Jack A. Bolen, to prove by a preponderance of the evidence that at the time and place in question the plaintiff, Joseph Badurina, was negligent which contributed proximately to bring about the injury of which he complains. Contributory negligence is such an act or omission on the part of a plaintiff, Joseph Badurina in this case, amounting to want of ordinary care, concurring or cooperating with a negligent act of a defendant as a proximate cause or occasion of the injury complained of. If you find the defendant was negligent and you further find that the plaintiff was negligent and that such negligence of the plaintiff, Joseph Badurina, directly caused or contributed in any degree to cause the injuries complained of, then your verdict must be for the defendant, Jack A. Bolen.''

"*Instruction No. 2*: The court charges you that the burden of proof rests upon the plaintiff, in this case Joseph Badurina, to prove by a preponderance of the evidence, that is, the greater weight of the evidence, that the defendant, Jack A. Bolen, was negligent in one or more of the respects set forth in the petition that proximately caused injuries of which he complains. If you find that the evidence is equally balanced, or if you find that the proximate cause of the collision was the negligence of plaintiff, Joseph Badurina, and not any negligence on the part of the defendant Jack A. Bolen, the plaintiff, Joseph Badurina, cannot recover, and your verdict must be for the defendant.''

Plaintiff's principal complaint is that, in giving these charges, the court unduly emphasized the issue of contributory negligence; that, in effect, the two charges are repetitious. We do not so consider them. Charge No. 1 is a clear and concise definition of contributory negligence and charge No. 2 defines the burden of proof as it applies to the plaintiff. In the trial of a negligence case it is very difficult, if not impossible, to avoid some repetition in instructions to the jury, especially when the issue of contributory negligence is involved. This assignment is overruled.

(4) Did the trial court err in giving special charge No. 4 requested by the defendant which reads:

"It is the duty of every person to exercise ordinary care for their own safety, and if you find by the greater weight of the evidence that Joseph Badurina negligently placed himself in a position of danger under the facts and conditions existing at the time and place of the accident, and that negligent act contributed directly in any degree to the accident, then your verdict must be for the defendant."

This special instruction represents a charge on the affirmative defense of assumption of risk. The defendant contends that when the plaintiff placed himself in front of his truck, when it stalled on the highway, in order to crank it, he assumed the risk of the truck being struck by other vehicles using the highway. We believe the law pronounced in the case of *Ricks* v. *Jackson*, 169 Ohio St., 254, is decisive of the question presented by this alleged error. In the *Ricks case* the plaintiff was a State Highway Department employee engaged in mowing grass on the side of a highway with a mowing machine, which occupied a substantial portion of the highway, when he was struck from the rear by the defendant's truck. At the request of the defendant the trial court charged the jury substantially the same as special charge No. 4 in the instant case, as above quoted, the Court of Appeals reversed the judgment rendered on the verdict for the defendant for error in giving such special charge, and the Supreme Court affirmed the judgment of the Court of Appeals.

It was held in the *Ricks case* that the plaintiff did not assume the risk of the negligent operation of defendant's truck when he did not know of such negligent operation in sufficient time to avoid the consequences by the exercise of ordinary care.

The plaintiff in the instant case had the right to assume that other users of the highway would operate their vehicles in a lawful manner and avoid a collision with his truck. In other words, the plaintiff did not have to anticipate the negligence of the defendant and there is no evidence that the plaintiff knew of the danger in sufficient time to avoid it. The evidence does not support the issue of assumption of risk and, therefore, the trial court erred in charging the jury with respect to this issue. The third paragraph of the syllabus in *Ricks* v. *Jackson, supra* (169 Ohio St., 254), reads:

"3. It is error to charge a jury with respect to the issue of assumption of risk where there is no evidence to support that issue."

Furthermore, on this same authority, this charge cannot be considered merely as a charge on contributory negligence. It has the essence of a charge on assumption of risk, which is not an issue in the case. The fourth assignment of error is sustained.

(5) Did the trial court err in not striking defendant's specifications of negligence from defendant's answer and in reading those specifications of negligence to the jury and allowing the pleadings to go to the jury room? The defendant, in his answer, alleges three specific acts or omissions of negligence of the plaintiff as above quoted. Plaintiff's motion prior to the trial, and during the trial, to strike these specifications of negligence from the answer was overruled. It is well settled in Ohio that contributory negligence and assumption of risk are affirmative defenses which do not have to be pleaded in order to raise the issues, but that contributory negligence and assumption of risk may arise through either the pleadings, or the evidence, or both. 39 Ohio Jurisprudence (2d), 702, 707, Sections 133 and 136. It is also the rule that specific acts of negligence need not be pleaded in an answer alleging contributory negligence or assumption of risk. *Knisely* v. *Community Traction Co.*, 125 Ohio St., 131. But it does not follow that the converse of this rule is true. In other words, where the specific acts of negligence are pleaded in an answer, apprising the plaintiff and the court of defendant's claims in that respect, there is no logical reason to strike such allegations from the answer. When such specific acts are pleaded, the plaintiff has no right to complain because he had been given advance notice of the facts the defendant will attempt to prove to establish such affirmative defense.

In the general charge, in defining the issues to the jury, the court properly referred to these alleged acts of negligence of the plaintiff and also ruled correctly in allowing the pleadings containing said allegations to go to the jury room. 39 Ohio Jurisprudence, Trial, 597, Section 27. This assignment of error is overruled.

(6) Assignment of error No. 6 reads:

"The court erred in failing to instruct the jury that the defendant was negligent as a matter of law and in failing to give to the jury plaintiff's special charge 'D.' "

The first question to be determined under this assignment of

error is, does the evidence show the defendant negligent as a matter of law? The undisputed evidence is that the collision occurred early in the morning, when it was dark and very foggy; that plaintiff's truck was stalled in defendant's lane of travel with only the left rear wheel about one foot over the center line; that because of weather conditions the defendant's visibility was limited to two or three car lengths, at which distance he first saw plaintiff's truck; that the defendant was driving 25 to 30 miles per hour; that defendant was blinded by the lights of the eastbound automobile and collided with the rear of plaintiff's truck.

In the case of *Kormos* v. *Cleveland Retail Credit Men's Co.*, 131 Ohio St., 471, it was held, in the first paragraph of the syllabus:

"1. Motor cars, whether driven or parked and whether mud-bespattered or covered with an accumulation of dirt, are substantial, discernible objects within the purview of Section 6310-1, General Code; * * *."

And, paragraph two of the syllabus of such case reads:

"2. One who violates Section 12603, General Code, requiring a driver of a motor vehicle on public highways not to drive his vehicle at a greater speed 'than will permit him to bring it to a stop within the assured clear distance ahead' is, in the absence of proof of a legal excuse therefor, guilty of contributory negligence as a matter of law."

And, in *Whitaker* v. *Baumgardner et al.*, 167 Ohio St., 167, it was held that an operator of a motor vehicle driving after dark on a public highway, who fails to see and collides with a discernible static object consisting of a large house-trailer constructed of aluminum, which obstructs a portion of the highway, is negligent as a matter of law for violation of the "assured clear distance ahead" provision of Section 4511.21, Revised Code. And, in the case of *Termuhlen, Admr.*, v. *Campbell*, 38 Ohio Law Abs., 33, the second paragraph of the headnotes reads:

"2. Neither bends nor twists in the highway, crests in the road, dim lights, fog, sleet, rain, or blinding lights of approaching motor vehicles excuse one from the duty to drive so that his vehicle may be stopped within the statutory 'assured clear distance ahead.' "

The undisputed facts clearly bring the present case within the rules pronounced in the above cited cases. And, in our opinion, the court erred in failing to instruct the jury that the defendant was negligent as a matter of law.

The second question to be determined under this assignment of error is, did the court err in failing to give plaintiff's special charge "D" which reads:

"Members of the jury, I instruct you that in Ohio there is a statute, being Section 4511.21, Revised Code, the pertinent part of which reads as follows:

" 'No person shall operate a motor vehicle, trackless trolley, or streetcar in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.'

"I further charge you that a violation of this statute is negligence as a matter of law."

This statute is in two parts, the first of which provides that no person shall operate a motor vehicle on the highways at a speed greater than is reasonable and proper, having due regard to existing conditions. The second part of the statute provides that no person shall drive any motor vehicle upon any highway at a greater speed than will permit him to bring it to a stop within the "assured clear distance ahead." A violation of the first part of this statute (Section 4511.21) does not constitute negligence per se, but merely prescribes a rule of conduct. In *Psaris* v. *Fredericks*, 113 Ohio St., 8, the first paragraph of the syllabus reads:

"1. That part of Section 12603, General Code, which provides what rate of speed shall be presumptive evidence of a speed greater than is reasonable, read in conjunction with the other parts of the section, prescribes a rule of conduct."

See, also, 6 Ohio Jurisprudence (2d), 477, Section 242. However, it has been held consistently by the courts of Ohio that a violation of the second part of the statute, the "assured clear distance ahead" provision of the statute, is negligence as a matter of law. *Smiley* v. *Arrow Spring Bed Co.*, 138 Ohio

St., 81; *Whitaker* v. *Baumgardner, supra* (167 Ohio St., 167). It will be observed that in his request the plaintiff set out the substance of the entire statute and requested the court to charge the jury that a violation of this statute is negligence as a matter of law. It is not a correct proposition of law to say that a violation of the entire statute is negligence per se, and the court correctly refused to give such charge, although an erroneous reason was given by the court for such refusal. The court stated that the entire statute merely prescribes a rule of conduct and, in the general charge, after quoting this statute (Section 4511.21), the court said:

"Now, these statutes are simply the embodiment of the common law rule of negligence, as I have described it to you, the care of an ordinary prudent man under the same or similar circumstances. These two laws do not constitute negligence per se, that is negligence in and of itself, they and each of them merely prescribe a general rule of conduct, * * *."

The court was clearly in error in making this statement. Only the first part of the statute, providing what rate of speed shall be presumptive evidence of a speed greater than is reasonable, prescribes a rule of conduct. A violation of the "assured clear distance ahead" provision of the statute constitutes negligence as a matter of law. The above-quoted statement in the general charge is also inconsistent with special charge No. 5, requested by the plaintiff and given by the court before argument. Special charge No. 5, as given, reads:

"5. Members of the jury, one who violates Section 4511.21, Revised Code, requiring a driver of a motor vehicle on public highways not to drive his vehicle at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead is, in the absence of proof of a legal excuse therefor negligent."

The defendant claims that, when the instructions are considered as a whole, even though the court stated an incorrect rule of law, no error was committed. Where the trial court gives contradictory instructions or states conflicting rules of law on the same subject matter, one of which is correct and the other erroneous, it cannot be assumed that the jury ignored the erroneous instruction and selected and followed the correct rule. 39 Ohio Jurisprudence, 928, Section 254; *Montanari* v.

*Haworth*, 108 Ohio St., 8; *Cleveland Ry. Co.* v. *Glynn*, 6 Ohio Law Abs., 704; *Cleveland Ry. Co.* v. *Goldman, a Minor*, 122 Ohio St., 73.

It is urged by the defendant that, assuming error was committed in the submission of the issue of negligence, the issue of contributory negligence was submitted free from error, and therefore, the two-issue rule, first declared in *Sites* v. *Haverstick*, 23 Ohio St., 626, applies. This rule, briefly stated, is that where there are two defenses, raising a separate and distinct issue, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatives indicating which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried, free from error, error in presenting another issue will be disregarded. See *H. E. Culbertson Co.* v. *Warden*, 123 Ohio St., 297.

The Supreme Court of Ohio decided in *Knisely* v. *Community Traction Co., supra* (125 Ohio St., 131), that the two-issue rule does apply in negligence cases where the two issues relate to the negligence of the defendant and the contributory negligence of the plaintiff. However, in the case of *Bush, Admr.*, v. *Harvey Transfer Co.*, 146 Ohio St., 657, it was held that error in the charge of the court on the issue of negligence will invalidate a verdict for the defendant, even though there was no error in the charge on the issue of contributory negligence. In the *Bush case* the issues of negligence of the defendant and contributory negligence of the plaintiff were involved. The reason given for the conclusion by Judge Hart was that, "Before contributory negligence of the plaintiff may be considered, the jury must find the defendant was negligent, and if there is such error in the charge as prevents the jury from finding the defendant negligent, a secondary issue of contributory negligence does not arise." The only real issues in the instant case that should have been submitted to the jury were the negligence of the defendant and the contributory negligence of the plaintiff. Having determined that the trial court erred in the charge on the issue of negligence and that assumption of risk was not an issue, on the authority of *Bush, Admr.*, v. *Harvey Transfer Co., supra*, the two-issue rule has no application to

the factual situation as argued by the defendant. The error in charging on the issue of negligence invalidates the verdict for the defendant even though the issue of contributory negligence was submitted free from error. The sixth assignment of error is sustained.

(7) Did the trial court err in not granting plaintiff's motion for a new trial? Having concluded that prejudicial error was committed in the trial of the case in the respects above set forth, plaintiff's motion for a new trial should have been sustained.

The judgment is, therefore, reversed, and this cause is remanded to the Common Pleas Court for a new trial.

*Judgment reversed and cause remanded.*

DUFFEY, P. J., and BROWN, J., concur.

COLLIER and BROWN, JJ., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District.