STEWARD ET, PLAINTIFFS, *v.* McKILLIP, DEFENDANT.

Common Pleas Court, Madison County.

No. 21961. Decided June 29, 1963.

*Messrs. Volkema, Wolske & Bopeley, Mr. Russell H. Volkema,* of counsel, for plaintiffs.
*Messrs. Baldwin & Menapace, Mr. Reno J. Menapace,* of counsel, for defendant.

BAYNES, J. Plaintiffs move for a summary judgment on the issue of defendant's liability under favor of Section 2311.041, Revised Code.

The petition alleges plaintiff, operator of a vehicle, had it stopped on the roadway to allow traffic moving in the opposite direction to pass before executing a left turn and that defendant drove into the rear of the vehicle. This brings into force the assured clear distance ahead statute, Section 4511.21, Revised Code.

Defendant's answer admits the collision and that the vehicle struck was damaged as a result but denies the nature and extent. He denies the personal injury and special damages pleas.

The affidavit of plaintiff operator filed with the motion adds no new facts. Defendant's affidavit adds operative facts: It was raining hard. Two vehicles in front of him pulled suddenly to the right to avoid plaintiff's car in front of him. That he immediately on seeing the vehicle in front of him applied his brakes, hit a slick spot in the road, and his vehicle slid out of control striking plaintiff operator's vehicle. At the time he was traveling about 30 m. p. h. It was cloudy and dark, and the hour was 6:15 p. m., April 28, 1961. That he had his parking lights on and plaintiff operator's vehicle was on the highway without any warning signal.

Defendant's deposition was taken and filed. The only basic fact added was that traffic was heavy on both sides of the road and he was unable to divert his course of travel to avoid striking plaintiff operator for that reason.

Assuming, but not deciding on these facts, that there was a violation of Section 4511.39, Revised Code, by plaintiff operator, we conclude as a matter of law this was neither the proximate cause or a proximate contributing cause of the collision. It would be the duty of the Court upon trial to so instruct the jury upon motion. *Badurina, Sr.* v. *Bolen,* 114 Ohio App., 478, 183 N. E. (2d), 241, 19 Ohio Opinions (2d), 469, esp. Syl. 3, 4 and 5.

Whether or not plaintiffs' injuries and damages were proximately caused by defendant's negligence and the nature and extent of them, if any, is a question to be submitted to a jury. This question is not in controversy by the motion.

A judgment entry is accordingly filed.