TOMLINSON, ADMINISTRATRIX, APPELLEE, *v.* CITY OF CINCINNATI, APPELLANT.

[Cite as Tomlinson *v.* Cincinnati (1983), 4 Ohio St. 3d 66.]

(No. 82-219—Decided March 23, 1983.)

*Messrs. Miller & Whiteley* and *Mr. Daniel Whiteley, Jr.,* for appellee.

*Mr. Richard A. Castellini,* city solicitor, and *Mr. Daniel J. Schlueter,* for appellant.

PATTON, J. The first question presented for our determination is whether the court of appeals properly considered the affidavit of Angela Charron. Appellant argues that the court erred in relying upon this affidavit to reverse the decision of the trial court granting summary judgment because it contains only the opinions of the affiant, which appellant argues are inadmissible in evidence.[1] We disagree for the reasons set forth below.

Civ. R. 56(E) prescribes the form affidavits must take when submitted with a motion for summary judgment:

"Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *" (Emphasis added.)

Thus, an affiant's statements must set forth facts admissible in evidence.

---

[1] Angela Charron's affidavit reads as follows:

"I, Angela Charron, being duly cautioned and sworn, depose and say that:

"1) I am 37 years old and live at 823 Smiley, Cincinnati, Ohio 45240.

"2) On June 6, 1978, at about 9:30 PM, I was returning home from Thomas More College in Kentucky where I was a student.

"I was driving in the extreme left lane of I-75 North, and as I came around a curve in the highway, my car nearly collided with a truck whose right side tires were in the high-speed lane which was my lane of travel. Fortunately, there was no traffic ahead of me or to my immediate right so I was able to swerve to the right in order to avoid hitting this truck.

"This truck was not lighted and the stretch of I-75 Northbound where it was stopped is not well lighted either. If there had been another car in front of me between my car and the truck I probably would have run into it.

"I didn't realize, for sure, that the truck was actually in the highway until I looked at it while I passed it.

"Further affiant sayeth naught."

However, a discernible distinction cannot always be made between "fact" and "opinion." Witness testimony in the form of opinion is not subject to a *per se* rule of exclusion. Evid. R. 701, which governs the admissibility of lay opinion testimony, eliminates in many instances the need to separate fact from opinion, and it is this rule which must be construed together with Civ. R. 56(E) in order to determine whether the affidavit in this case was properly considered by the court below.

Evid. R. 701 provides that:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

It is evident from a reading of Ms. Charron's affidavit, that her statements, even if they are to be considered as opinions, are rationally based on her perceptions, and inasmuch as she is the only available witness, they are unmistakably helpful in determining the critical issue of this case, *viz.*, the discernibility of the pickup truck.

We hold, therefore, that where an affidavit containing opinions is made part of a motion for summary judgment, it is properly considered by a trial or reviewing court when it meets the requirements set forth in Civ. R. 56(E) and Evid. R. 701. The affidavit submitted by appellee in the instant case met these requirements.

The second question presented for our determination is whether the court of appeals erred in reversing the trial court's decision granting summary judgment in favor of appellant.

Pursuant to Civ. R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Further, the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made.

Appellant argues that based upon the evidence presented to the trial court, the pickup truck with which the decedent's automobile collided was reasonably discernible as a matter of law, and therefore the decedent was negligent *per se* in violation of R.C. 4511.21. We disagree.

Ohio's assured-clear-distance-ahead provision, R.C. 4511.21, provides in relevant part that:

"(A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any

other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The assured-clear-distance statute is a specific requirement of law, the violation of which constitutes negligence *per se. Skinner* v. *Pennsylvania Rd. Co.* (1933), 127 Ohio St. 69. However, in *Blair* v. *Goff-Kirby Co.* (1976), 49 Ohio St. 2d 5, 7 [3 O.O.3d 4], we held that:

"* * * Violation of the statute and a finding of negligence *per se* depends on whether there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." See, also, *McFadden* v. *Elmer C. Breuer Trans. Co.* (1952), 156 Ohio St. 430, 434 [46 O.O. 354].

Where conflicting evidence is introduced as to any one of the elements necessary to constitute a violation of the statute, a jury question is created. *McFadden,* at page 435. By way of the affidavit of Ms. Charron, *supra,* appellee presented evidence to show that the pickup truck was not reasonably discernible. Additional support for appellee's position can also be found in appellant's answer to one of appellee's interrogatories, wherein it is disclosed that a police officer for appellant city who was dispatched to remove a truck from I-75 failed to locate it within the area assigned to him for the search. The only evidence presented by appellant on the issue of the discernibility of the truck was its own answer to another of appellee's interrogatories which indicated that the truck was equipped with reflectors and that there was street lighting in the area where the truck was eventually found.

Appellant relies to a great extent on our recent case of *Lewis* v. *Certified Oil Co.* (1981), 67 Ohio St. 2d 277, 279 [21 O.O.3d 174], wherein we affirmed a directed verdict for defendant on the basis that defendant's tractor-trailer (sixty-two feet long) was reasonably discernible. However, we find the decision in *McFadden, supra,* to be dispositive of the issue in the case *sub judice.* On page 435, the court stated:

"If, however, the nature of the object be such that reasonable minds might differ as to it being reasonably discernible, evidence to establish that it was such is required. Any conflict in such evidence creates a jury question." *Id.,* at page 435. See, also, *Matkovich* v. *Penn Central Transp. Co.* (1982), 69 Ohio St. 2d 210, 213 [23 O.O.3d 224].

Moreover, the mere fact of collision does not equal a violation of R.C. 4511.21 in every case. *Blair, supra,* at page 7.

When the evidence is construed most strongly in favor of appellee as mandated by Civ. R. 56(C), we find that reasonable minds could reach different conclusions on the issue whether the pickup truck struck by the decedent was reasonably discernible.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and KOEHLER, JJ., concur.

PATTON, J., of the Eighth Appellate District, sitting for W. BROWN, J.

KOEHLER, J., of the Twelfth Appellate District, sitting by assignment.