COMPSTON, Appellant,

v.

AUTOMANAGE, INC. et al., Appellees.

[Cite as *Compston v. Automanage, Inc.* (1992), 79 Ohio App.3d 359.]

Court of Appeals of Ohio,
Clermont County.

No. CA91–09–072.

Decided April 20, 1992.

360

*Daniel W. Compston, pro se.*

*Robbins, Kelly, Patterson & Tucker* and *Richard B. Uhle, Jr.,* appellees.

---

*Per Curiam.*

Plaintiff-appellant, Daniel W. Compston, appeals a decision of the Clermont County Court of Common Pleas granting a directed verdict in favor of defendants-appellees, Automanage, Inc., Honda East, and Bobby Cansler, on appellant's claim for wrongful denial of benefits under the Employee Retirement Income Security Act of 1974, Section 1001 *et seq.,* Title 29, U.S. Code ("ERISA").

Appellant was employed by appellee, Automanage, Inc. as an automobile salesman. On January 9, 1989, he was discharged from employment. On the evening of January 9, 1989, he sustained injuries requiring medical treatment. He applied for, and was denied, medical benefits under the employee benefit plan maintained by Automanage, Inc.

On May 8, 1989, appellant filed a complaint in the Clermont County Court of Common Pleas, alleging "discrimination" and the wrongful termination of insurance benefits. The trial court dismissed appellant's claim regarding insurance benefits on the basis that the claim was preempted by ERISA, and that state courts had no subject matter jurisdiction over ERISA claims. The court also granted summary judgment in favor of appellees on the discrimination claim.

Appellant appealed the judgment of the trial court to this court in *Compston v. Automanage, Inc.* (Apr. 30, 1990), Clermont App. No. CA89–11–093, unreported, 1990 WL 55679. This court affirmed the granting of summary judgment on the discrimination claim. Construing appellant's allegations as a claim for wrongful discharge, we held that, as appellee was an at-will employee, he had failed to state a cause of action.

However, we sustained appellant's assignment of error relating to the dismissal of the ERISA claim. We held that, because the employee benefit plan had not been introduced into evidence, the trial court had no basis upon which to hold that the plan fell within the purview of ERISA, thereby bringing into effect ERISA's preemption of state law claims. We further stated that, even if the claim were within the coverage of ERISA, the trial court was not necessarily divested of jurisdiction, as state courts have concurrent jurisdiction with federal courts under certain provisions of ERISA. Therefore, dismissal was not necessarily warranted. We remanded the case for a determination of the applicability of ERISA and a determination of the trial court's jurisdiction over the matter.

On remand, the trial court held that the benefit plan was a qualified plan under ERISA and that it had jurisdiction over appellant's claim. The court further determined that, as the granting of summary judgment on appellant's claim had been affirmed by this court, the only remaining claim was for wrongful denial of benefits pursuant to ERISA.

Upon concluding that the only remaining claim was the ERISA claim, the court granted appellees' motion to strike appellant's jury demand, and a bench trial was held on July 11, 1991. The evidence indicated that appellant was discharged on the afternoon of January 9, 1989. He had been informed that, pursuant to the benefit plan with the Lincoln National Insurance Company, his coverage would end upon the termination of his employment. Appellant was also informed that he could maintain coverage pursuant to the Comprehensive Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by making a payment of $441 within sixty days of his termination.

On the evening of January 9, 1989, appellant was assaulted and sustained various injuries. He contacted appellee concerning coverage for his injuries and was again informed that he would be required to make the payment of $441 in order to be covered for the injuries. Appellant did not pay the $441 within the sixty-day period, or at any time, and was not reimbursed for his expenses.

At the close of appellant's case-in-chief, appellees made a motion for a directed verdict. The court granted the motion, finding that, pursuant to the unambiguous language of the benefit plan, appellant had failed to fulfill the requirements for continued coverage. It further found that appellees had fulfilled their obligations under the plan in informing appellee of the termination provisions and the means by which he could maintain coverage. Therefore, the court concluded that appellant had failed to present a case for wrongful denial of benefits. The court entered judgment in favor of appellees on August 23, 1991.

Appellant brings the instant appeal, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of the appellant by granting and signing the appellees' 'Entry Granting Motion to Strike Jury Demand.'"

Assignment of Error No. 2:

"The trial court erred to the prejudice of the appellant by determining that the subject health policy was governed by ERISA."

Assignment of Error No. 3:

"The trial court erred to the prejudice of the appellant by not allowing the appellant's tort claim."

Assignment of Error No. 4:

"The trial court erred to the prejudice of the appellant by not holding a pretrial to clearly define the issues before the court."

Assignment of Error No. 5:

"The trial court erred to the prejudice of the appellant by granting the defendants' motion for a directed verdict and final judgment entry."

■ We begin with appellant's second assignment of error. Appellant contends that the trial court erred in finding that the benefit plan was within the purview of ERISA.

Section 1003, Title 29, U.S. Code, governing the coverage of ERISA, provides, in part, as follows:

"(a) Except as provided in subsection (b) of this section and in * * * [Sections 1051, 1081, and 1101, Title 29, U.S. Code], this subchapter shall apply to any employee benefit plan if it is established or maintained—

"(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or

"(2) by any employee organization or organization representing employees engaged in commerce or in any industry or activity affecting commerce; or

"(3) by both."

Section 1002, Title 29, U.S. Code provides, in part, as follows:

"(1) The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program * * * established or maintained by an employer * * * to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or

hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment * * *.

"* * *

"(3) The term 'employee benefit plan' or 'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan."

█  As the United States Supreme Court has noted, ERISA is a broad statute that comprehensively regulates benefit plans instituted or maintained by employers. *Pilot Life Ins. Co. v. Dedeaux* (1987), 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39, 46. In the instant case, appellee Automanage, Inc. was engaged in commerce, and the benefit plan through Lincoln National Insurance Co. was established and maintained to provide Automanage's employees with benefits in the event of sickness, accident, or disability. Appellee does not refute these conclusions. Thus under the plain language of the statute and related case law, the benefit plan falls within the coverage of ERISA.

Appellant argues, however, that certain features of the benefit plan remove it from ERISA's coverage, and he cites as authority Section 1102, Title 29, U.S. Code. That section, which governs the establishment of an employee benefit plan, requires a named fiduciary, a procedure for establishing a funding policy, a procedure for amending the plan, and similar features for the implementation and maintenance of a benefit plan. Appellant alleges that the absence of such features from the plan in the instant case removes the plan from the operation of ERISA.

█  Appellant's argument is not well taken. First, the record does not support appellant's contention that the plan instituted by Automanage fails to comply with the above-mentioned requirements. Further, even assuming that appellant's contentions concerning the absence of such features were true, it would not follow that the plan would be removed from the scope of ERISA. The section cited by appellant sets forth the requirements for plans falling within the defined scope and coverage of the statute. It does not itself define that scope and coverage. In other words, the failure to comply with Section 1102 may give rise to a violation of the statute, but it would not render the statute inapplicable.

█  Appellant also argues that ERISA is inapplicable because the plan itself states that the laws of Ohio are to govern its implementation. This argument is also without merit. As noted by appellee, the language of ERISA, and not the language of the benefit plan, determines the applicability of the statute. Language in a benefit plan stating that state law is to govern

its implementation has been held to be without effect. See *Davis v. Cincinnati Equitable Ins. Co.* (Aug. 8, 1991), Franklin App. No. 91AP–269, unreported, 1991 WL 150924. Therefore, as appellant has provided no basis upon which to find ERISA inapplicable, his second assignment of error is overruled.

■ In his first assignment of error, appellant contends that the trial court erred in striking his jury demand before reviewing his memorandum in opposition. He also claims that the striking of the jury demand before reviewing the memorandum evidenced bias on the part of the trial judge.

■ It is well settled that a plaintiff asserting a claim for wrongful denial of benefits under ERISA is not entitled to a jury trial. *Cowden v. Montgomery Cty. Soc. for Cancer Control* (S.D.Ohio 1984), 591 F.Supp. 740; *In re Vorpahl* (C.A.8 1982), 695 F.2d 318; *Davis, supra.* Therefore, as the trial court had determined that the only issue remaining in the case was the ERISA claim, it properly granted the motion to strike the jury demand. Appellant does not set forth any basis for concluding that the content of his memorandum would have altered the trial court's decision, and we can discern no such basis. Thus, even if true, the allegation that the court granted the motion before reading appellant's memorandum provides no basis for reversal.

■ Similarly, the trial judge's striking of the jury demand before reviewing the memorandum does not support appellant's assertion of bias. The judge merely acted with the knowledge that there was no right to a jury trial in this case, and appellant has failed to show that he has been harmed by the trial judge's actions. Therefore, the first assignment of error is overruled.

■ In his third assignment of error, appellant claims that the trial court erred in not permitting him to go forward with his asserted tort claims. He argues that the court should have allowed him to present his claims of intentional infliction of emotional distress and intentional interference with contractual relations.

Appellant's argument is without merit. As appellees argue, the issue of the trial court's disposing of appellant's tort claims was addressed in the first appeal of this case. At that time, we held that, except for the ERISA claim, appellant's complaint failed to state a cause of action. See *Compston, supra.* While we did liberally construe the remaining allegations of the complaint as a claim for wrongful discharge, we held that that claim was not well taken. As there has been no amendment of the complaint since the original appeal, and no motion for such an amendment, we find no error in the trial court's refusal to hear appellant's tort claims. The third assignment of error is therefore overruled.

■ For his fourth assignment of error, appellant claims that the trial court erred in refusing to hold a pretrial conference to properly define the issues to be raised at trial. He claims that a pretrial conference would have allowed him to "verify" certain documents that were excluded from evidence at trial and to respond to appellees' motion to strike the jury demand.

■ As we noted in the first appeal in this case, decisions of a trial court regarding pretrial matters will not be reversed absent an abuse of discretion. *Compston, supra.* See, also, *Smith v. Klein* (1985), 23 Ohio App.3d 146, 151, 23 OBR 387, 387, 492 N.E.2d 852, 858. The term "abuse of discretion" implies an attitude on the part of the trial court that is arbitrary, capricious, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 450 N.E.2d 1140, 1141.

In the instant case, the trial court did not abuse its discretion in conducting pretrial matters. The record indicates that several pretrial conferences were held, the last being on July 8, 1991, three days before trial. Nothing in the record suggests that appellant attempted to raise, by motion or otherwise, any issue concerning the admissibility of documents or other evidence. Also, nothing in the record suggests that appellant was prejudiced by the timing of the motion to strike the jury demand, especially as he has set forth no basis upon which to find the granting of that motion to be erroneous. As such, appellant's fourth assignment of error is overruled.

■ In his fifth and final assignment of error, appellant claims that the court erred in granting appellees' motion for a directed verdict on the ERISA claim. Civ.R. 50(A)(4) provides as follows:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as• to that issue."

In ruling on a Civ.R. 50(A)(4) motion, the court must construe the evidence most strongly in favor of the party against whom the motion is directed, including not only the direct evidence, but also any reasonable inferences that can be drawn therefrom. *Rinehart v. Toledo Blade Co.* (1985), 21 Ohio App.3d 274, 275, 21 OBR 345, 345, 487 N.E.2d 920, 921. A directed verdict may be granted only if the evidence is such that reasonable minds can come to but one conclusion. *Brown v. Best Products Co.* (1985), 18 Ohio St.3d 32, 18 OBR 69, 479 N.E.2d 852.

Section 1132, Title 29, U.S. Code, governing actions to enforce the terms of a benefit plan under ERISA, provides, in part, as follows:

"(a) Persons empowered to bring a civil action. A civil action may be brought—

"(1) by a participant or beneficiary—

" * * *

"(B). to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

" * * *

"(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates * * * the terms of the plan or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"

In the case at bar, reasonable minds could conclude only that appellant was not wrongfully denied benefits. Under the terms of the benefit plan, coverage was to be terminated upon termination of employment. The only means of obtaining continued coverage was through a payment of $441 within sixty days of termination, and the only obligation on the part of the employer was to inform the employee of the termination provisions and the means of securing continued coverage.

Construing the evidence most strongly in appellant's favor, we conclude that it was appellant's failure to follow the terms of the plan, and not any failure on the part of appellees, that resulted in the denial of benefits. It is uncontroverted that appellant was terminated from his employment on the afternoon of January 9, 1989 and that his injury occurred after the termination. Even though he was informed that he was required to make the $441 payment to qualify for coverage, appellant did not do so. Though appellant continues to argue that appellees prevented him from receiving benefits, the record indicates that appellees fulfilled their obligations under the plan. Thus, the trial court properly granted appellees' motion for a directed verdict. The fifth assignment of error is overruled, and the judgment of the trial court is affirmed.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., WILLIAM W. YOUNG and WALSH, JJ., concur.