ESTATE of EYLER, Appellant and Cross–Appellee,

v.

DEDOMENIC, Appellee and Cross–Appellant, et al.

[Cite as *Estate of Eyler v. Dedomenic* (1995), 107 Ohio App.3d 860.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA94–11–199, CA94–11–204.

Decided Dec. 29, 1995.

*Jeffrey S. Bakst* and *Jeffrey A. Dehner,* for appellant and cross-appellee.

*Young & Alexander Co., L.P.A.,* and *Mark R. Chilson,* for appellee and cross-appellant Julie Dedomenic.

WALSH, Presiding Judge.

In this wrongful death action, plaintiff-appellant and cross-appellee, Estate of Bruce Evan Eyler, appeals the entry of a jury verdict in favor of defendant-

appellee and cross-appellant, Julie Dedomenic.[1]

On the evening of December 4, 1990, appellant's decedent, Bruce Evan Eyler ("decedent") and his co-worker, Terry Smith, were traveling north through Butler County on Interstate Route 75 ("I-75") at approximately 9:45 p.m. A warning came over their citizens' band ("CB") radio that a deer carcass was lying on the highway just ahead of where they were traveling. The decedent told Smith to pull off the road so that he could remove the deer from the highway.

Meanwhile, appellee was also traveling north on I-75. She was following a tractor trailer in the right lane of the highway in her 1989 Honda Accord. At one point, the truck swerved and its brake lights flashed on. Appellee responded by moving into the center lane. As she did so, she saw an object on the dotted line between the right and center lanes. She again swerved left and was instantly confronted by the decedent in front of her car. She applied her brakes, but was unable to avoid hitting the decedent, who died from the injuries he sustained.

On November 30, 1992, appellant filed a wrongful death action seeking money damages. The case was tried to a jury beginning on September 19, 1994. At the close of appellant's case-in-chief, appellee moved for a directed verdict on the issue of the decedent's negligence. The trial court found that the decedent was negligent as a matter of law for being on a freeway in violation of R.C. 4511.051(A), which, with certain exceptions, prohibits pedestrians from "occupy[ing] any space within the limits of the right-of-way of a freeway."

After appellee presented her case, appellant moved for a directed verdict, arguing that appellee was negligent *per se* for failing to maintain an assured clear distance ahead in violation of R.C. 4511.21(A). That motion was denied.

The case was submitted to the jury on September 26, 1994 with the instruction that the decedent was negligent as a matter of law. The jury was also instructed that appellee had the burden of proving that the decedent's negligence caused his death. The jury returned a verdict in favor of appellee. Judgment was entered for appellee on October 17, 1994. This appeal followed.

Appellant presents two assignments of error for review. In its first assignment of error, appellant states that the trial court erred in granting appellee's motion for a directed verdict finding that the decedent was negligent *per se* for violating R.C. 4511.051. Appellant also argues that the trial court erred in instructing the jury that appellant's decedent was negligent *per se*. Appellant's first assignment of error is not well taken.

---

1. On November 16, 1994, appellee filed a cross-appeal from a decision of the trial court denying appellee's motion to hold appellant's attorney, Jeffrey S. Bakst, in contempt of court. Appellee subsequently moved to voluntarily dismiss her cross-appeal. This court entered its judgment dismissing the cross-appeal on or about May 10, 1995.

Civ.R. 50(A)(4) governs directed verdicts and it provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

In ruling on a motion for a directed verdict, the court must construe the evidence most strongly in favor of the party against whom the motion is directed. *Compston v. Automanage, Inc.* (1992), 79 Ohio App.3d 359, 367, 607 N.E.2d 485, 491. "A directed verdict will be granted only if the evidence is such that reasonable minds can come to but one conclusion." *Id.*

█ R.C. 4511.051 makes it illegal for any "person, * * * as a pedestrian, [to] occupy any space within the limits of the right-of-way of a freeway, except * * * as a result of an emergency caused by an accident * * *." Appellant does not dispute that the decedent was a pedestrian on the freeway in violation of the statute. Appellant argues, however, that the decedent was not negligent *per se* because he falls within an exception to the statute, *i.e.*, he was on the freeway "as a result of an emergency." See R.C. 4511.051.

█ An emergency arises "when there is a sudden or unexpected occurrence or combination of occurrences which demand prompt action." *Bruner v. McGlothin* (App.1951), 66 Ohio Law Abs. 477, 478, 117 N.E.2d 476, 477. See, also, 70 Ohio Jurisprudence 3d (1986) 79, Negligence, Section 27. "The emergency doctrine does not apply to a situation where the element of sudden peril is lacking. Where there is time and opportunity for deliberation such doctrine is not applicable." 70 Ohio Jurisprudence 3d, at 79.

Here, the decedent and his co-worker were informed by CB radio that there was a deer lying on the highway ahead of them. They did not stop immediately, but drove to where the deer had been struck. The driver of the truck testified that he was able to see the deer nearly one thousand feet before they reached it. He then drove approximately ninety feet beyond the deer before he pulled off the highway. Decedent got out of the truck, looked for traffic and went onto the highway. The driver of the truck testified that, except for the tractor trailer and appellee's car, there was no other traffic traveling north on the highway. From these facts, we conclude that there was no sudden peril on the highway requiring decedent's assistance and that the decedent had opportunity for deliberation, the absence of which is a prerequisite for a finding of an emergency. See *Badurina v. Bolen* (1961), 114 Ohio App. 478, 482, 19 O.O.2d 469, 471–472, 183 N.E.2d 241, 244–245.

Accordingly, the trial court properly determined that appellant's decedent was negligent *per se* and erred neither in granting appellee's motion for a directed verdict on that issue nor in instructing the jury that the decedent was negligent *per se*. Appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant states that the trial court erred in overruling its motion for a directed verdict on the issue of appellee's negligence. Appellant argues that there was sufficient uncontroverted evidence that appellee violated the assured clear distance statute to warrant granting appellant's motion. We do not agree.

■ The assured clear distance statute is codified at R.C. 4511.21(A). It states:

"No person * * * shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

"The assured-clear-distance statute is a specific requirement of the law, the violation of which constitutes negligence *per se*." *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66, 69, 4 OBR 155, 157, 446 N.E.2d 454, 456.

■ However, not every collision is a violation of R.C. 4511.21(A). *Id.* at 69, 4 OBR at 157–158, 446 N.E.2d at 456–457. The Supreme Court of Ohio has held that a finding of negligence *per se* for violating the statute depends on whether "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path and (4) was reasonably discernible." *Blair v. Goff-Kirby Co.* (1976), 49 Ohio St.2d 5, 7, 3 O.O.3d 4, 5, 358 N.E.2d 634, 636, citing *McFadden v. Elmer C. Breuer Transp. Co.* (1952), 156 Ohio St. 430, 434, 46 O.O. 354, 356, 103 N.E.2d 385, 387–388.

■ Where conflicting evidence is introduced as to any of the above elements, a jury question is created. *Tomlinson*, 4 Ohio St.3d at 69, 4 OBR at 157–158, 446 N.E.2d at 456–457. "Especially in cases involving the assured-clear-distance statute, which, by definition, require evaluation of the conduct of the driver in light of the facts surrounding the collision, the judgment of a jury is more likely to achieve a fair result than is a judge-made rule of law." *Blair*, 49 Ohio St.2d at 9, 3 O.O.3d at 6, 358 N.E.2d at 636–637.

Here, the record reveals conflicting evidence as to two of the elements set forth in *Blair*, that is, whether the deer was reasonably discernible to appellee and whether the decedent suddenly appeared in appellee's path. There is conflicting testimony concerning visibility on the night of the accident. Witness descriptions of the night vary from "fairly clear * * * but [not] a pitch dark night" to "pitch

black." The testimony of one police officer was that you "could see down the road a couple hundred yards." However, a different police officer estimated that visibility was approximately six hundred yards. Terry Smith testified that he saw the deer in the road from one thousand feet away. Yet appellee testified that she could only see objects that were illuminated by her headlights. There is also conflicting testimony as to whether the deer itself was easily discernible. Witnesses disagreed, for example, as to how much of the deer's white underbelly was visible from appellee's approaching car.

Finally, while it is uncontroverted that the decedent was dressed in dark clothing, there is conflicting testimony as to whether he was standing still when he was struck by appellee's car or whether he ran in front of her and, thus, "suddenly appear[ed]."

Construing the evidence most strongly in favor of appellee, we find that reasonable minds could differ as to whether appellee violated the assured clear distance statute. Therefore, we believe that issue was properly submitted to the jury and the trial court did not err when it denied appellant's motion for a directed verdict. Appellant's second assignment of error is overruled.

*Judgment affirmed.*

POWELL, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

I believe the majority's determination of the issues raised in this appeal compounds the errors of the trial court.

The trial court and now this court have precluded the jury from finding that the decedent fit the emergency exception of R.C. 4511.051(A) and was therefore not negligent *per se.* The trial court further precluded the jury from determining whether appellee violated R.C. 4511.21(A).

Clearly, a jury question was raised as to whether the decedent acted in an emergency and whether the decedent was discernible to the appellee.

Accordingly, I dissent and would reverse and remand for a new trial.