[Cite as *Schardt v. Ohio Dept. of Transp.*, 2009-Ohio-7161.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRED SCHARDT

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-06265-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

{¶ 1} On June 26, 2009, at approximately 10:30 a.m., plaintiff, Fred Schardt, was traveling north on State Route 781 in Adams County near milepost 9.0, when his 1995 Chevrolet van struck a tree that had fallen onto the traveled portion of the roadway. Plaintiff related that the fallen tree was located where there was a "hump in the road" which prevented him from maneuvering around the downed obstruction.

{¶ 2} Plaintiff implied that the damage to his van from striking the fallen tree was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT) in failing to maintain the roadway free of dangerous obstructions such as the fallen tree. Plaintiff filed this complaint seeking to recover $1,148.59, the total cost of automotive repairs incurred as a result of the June 26, 2009 incident. The filing fee was paid.

{¶ 3} Plaintiff filed a "Traffic Crash Report" regarding his property damage incident with the local Ohio State Highway Patrol. According to information available in the "Traffic Crash Report" plaintiff's property damage event occurred during daylight hours on a clear day on a section of State Route 781 that has a straight level contour.

Also contained in the "Traffic Crash Report" is a handwritten statement from plaintiff regarding his recollection of striking the tree. Plaintiff acknowledged nothing was obstructing his view of the fallen tree as he was driving and noted "I just didn't see it." Plaintiff reasoned that he could not see the tree due to the fact "[t]he sun was behind me shading the tree."

{¶ 4} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the fallen tree on the roadway prior to plaintiff's property damage event. Defendant's records (copy submitted) show no calls or complaints were received regarding a fallen tree at milepost 9.0 on State Route 781 prior to 10:30 a.m. on June 26, 2009. Defendant asserted that plaintiff has failed to produce any evidence to establish the length of time the tree was on the roadway before 10:30 a.m. on June 26, 2009. Defendant suggested "it is likely the fallen tree existed for only a short time before the incident." Defendant explained that the ODOT "Adams County Manager inspects all state roadway within the county at least two times a month." Defendant's inspections records (copies submitted) show that State Route 781 was inspected on June 9, 2009 and on June 29, 2009. No roadway obstructions were noted during these inspections.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 8} No evidence has been presented to show defendant had actual notice of the tree laying across the traveled portion of the roadway. Therefore, in order for plaintiff to prevail, constructive notice of the debris must be established. This legal concept of notice is of two distinguishable types, actual and constructive. "The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever from competent evidence the trier of fact is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 47 O.O. 231, 105 N.E. 2d 429, paragraph two of the syllabus.

{¶ 9} To establish that defendant had constructive notice of a nuisance or defect in the highways, the hazard "must have existed for such length of time as to impute knowledge or notice." *McClellan*. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.

{¶ 10} Plaintiff, as a matter of law, in order to prevail, must present evidence with regard to the condition of the tree and the trier of fact is precluded from making any inference of prior notice unless such evidence is submitted. See *Shupe v. Ohio Dept. of Transp.,* Ct. of Cl. No. 2003-04457-AD, 2004-Ohio-644; *Blausey v. Ohio Dept. of Transp.*, Ct. of Cl. No. 91-13003, 2005-Ohio-1807; *Varns v. Ohio Dept. of Transp., Dist. 5* (2006), 2006-05233-AD. Plaintiff, in the instant claim, has failed to prove defendant had requisite notice of the fallen tree.

{¶ 11} Assuming notice was established in this matter plaintiff could still not prevail. The court concludes, based on the evidence presented, that the sole cause of the June 26, 2009 motor vehicle accident was plaintiff's own negligent driving; specifically his failure to maintain an assured clear distance ahead, or violation of R.C. 4511.21(A)[1]. "The assured-clear-distance statute is a specific requirement of law, the violation of which constitutes negligence per se." *Estate of Eyler v. Dedomenic* (1995), 107 Ohio App. 3d 860, 864, 669 N.E. 2d 569, citing *Tomlinson v. Cincinnati* (1983), 4 Ohio St. 3d 66, 69, 4 OBR 155, 446 N.E. 2d 454. A finding of negligence per se for violating 4511.21(A) depends on whether evidence has been produced to establish a driver collided with an object that was ahead of him in the path of travel, was stationary or moving in the same direction as the driver, was readily discernible, and did not suddenly appear in the driver's path. *Estate of Eyler.* Evidence presented has indicated the fallen tree which plaintiff struck with his van should have been clearly visible to plaintiff. When plaintiff saw the tree on the roadway and failed to stop, he violated R.C. 4511.21(A), the assured-clear-distance-ahead statute. A violation of this statute occurs where evidence exists to indicate a driver collided with an object which: 1) was ahead of him in his path of travel, 2) was stationary or moving in the same direction as the driver, 3) did not suddenly appear in the driver's path, and 4) was reasonably discernible. *McFadden v. Elmer C. Breuer Transp. Co.* (1952), 156 Ohio St. 430, 46 O.O. 354, 103 N.E. 2d 385. A violation of the assured-clear-distance-ahead statute is negligence per se. *Transportation Corp. of Indiana v. Lennox Trucking, Inc.*

---

[1] R.C. 4511.21(A) states:

"(A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no persons shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a

(1968), 15 Ohio St. 2d 1, 44 O.O. 2d 1, 238 N.E. 2d 539.  Therefore, even assuming defendant's conduct or omission was negligent, plaintiff still would not prevail.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRED SCHARDT

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-06265-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

                           _____
                           DANIEL R. BORCHERT
                           Deputy Clerk

stop within the assured clear distance ahead."

Entry cc:

Fred Schardt
23275 SR 125
Blue Creek, Ohio  45693

RDK/laa
10/2
Filed 11/17/09
Sent to S.C. reporter 3/5/10

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223