BULL

v.

**OHIO DEPARTMENT OF TRANSPORTATION.**

2003-Ohio-2611.]

Court of Claims of Ohio.

No. 2002–09242–AD.

Decided May 7, 2003.

78

Lois F. Bull, pro se.

Gordon Proctor, Director, Ohio Department of Transportation, for defendant.

DANIEL R. BORCHERT, Deputy Clerk.

## FINDINGS OF FACT

{¶ 1} 1. At some unspecified time around September 4, 2002, plaintiff, Lois F. Bull, was traveling on Interstate 275 from exit 57 to Interstate 71 through a roadway construction zone when her automobile struck an object lying on the roadway. The object plaintiff's car struck caused tire damage. Plaintiff identified the object as a construction drill bit used for construction on bridges.

{¶ 2} 2. Plaintiff filed this complaint seeking to recover $160, the cost of two replacement tires. Plaintiff has asserted that she sustained these damages as a proximate cause of negligence on the part of defendant, Department of Transportation, in maintaining the roadway. Plaintiff submitted the filing fee with the complaint.

{¶ 3} 3. Plaintiff has asserted that the drill bit on the roadway emanated from a nearby construction site. Plaintiff did not produce the drill bit.

{¶ 4} 4. Defendant acknowledged that plaintiff's property damage event occurred on a roadway area under construction within a construction zone maintained by defendant's contractor. However, defendant denied that the object plaintiff's automobile struck was construction material or tools.

{¶ 5} 5. Defendant denied having any knowledge of the damage-causing debris on the roadway.

{¶ 6} 6. On March 31, 2003, plaintiff filed a response to defendant's investigation report. However, plaintiff has failed to produce evidence showing the length of time the material existed on the roadway prior to her incident.

### CONCLUSIONS OF LAW

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Dept. of Transp.* (1976), 49 Ohio App.2d 335, 3 O.O.3d 413, 361 N.E.2d 486. However, defendant is not an insurer of its highways. See *Kniskern v. Somerford Twp.* (1996), 112 Ohio App.3d 189, 678 N.E.2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App.3d 723, 588 N.E.2d 864.

{¶ 8} Further, defendant must exercise due diligence in the maintenance and repair of the highways. *Hennessey v. Ohio Hwy. Dept.* (1985), Ct. of Cl. No. 85–02071–AD. This duty encompasses a duty to exercise reasonable care in conducting its roadside construction activities to protect personal property from the hazards arising out of these activities. *Rush v. Ohio Dept. of Transp.* (1992), Ct. of Cl. No. 91–07526–AD.

{¶ 9} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 423 N.E.2d 467. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State Univ.* (1977), 76–0368–AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he failed to sustain such burden." Paragraph three of the syllabus in *Stevens v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E.2d 198, approved and followed.

{¶ 10} Ordinarily, in a claim involving roadway debris, plaintiff must prove either (1) defendant had actual or constructive notice of the debris and failed to respond in a reasonable time or responded in a negligent manner or (2) defendant, in a general sense, maintains its highways negligently. *Denis v. Ohio Dept. of Transp.* (1976), Ct. of Cl. No. 75–0287–AD.

{¶ 11} Defendant is liable only for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Ohio Dept. of Transp.* (1986), 31 Ohio Misc.2d 1, 31 OBR 64, 507 N.E.2d 1179.

{¶ 12} Plaintiff has not produced any evidence to indicate the length of time the damage-causing material was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show that defendant had actual notice of debris on the roadway. Additionally, the trier

of fact is precluded from making an inference of defendant's constructive notice unless evidence is presented in respect to the time the debris appeared on the roadway. *Spires v. Ohio Hwy. Dept.* (1988), 61 Ohio Misc.2d 262, 577 N.E.2d 458. There is no indication that defendant had constructive notice of the debris condition. Finally, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Dept. of Transp.* (1999), Ct. of Cl. No. 99–07011–AD.

{¶ 13} Plaintiff's case fails because plaintiff has failed to show, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object was connected to any conduct under the control of defendant, defendant was negligent in maintaining the construction area, or any negligence on the part of defendant. *Taylor v. Ohio Transp. Dept.* (1998), Ct. of Cl. No. 97–10898–AD; *Weininger v. Ohio Dept. of Transp.* (1999), Ct. of Cl. No. 99–10909–AD; *Witherell v. Ohio Dept. of Transp.* (2000), Ct. of Cl. No. 2000–04758–AD. Consequently, plaintiff's claim is denied.

{¶ 14} Having considered all of the evidence in the claim file and adopting the memorandum decision concurrently herewith,

{¶ 15} IT IS ORDERED THAT:

{¶ 16} 1. Plaintiff's claim is DENIED and judgment is rendered in favor of defendant;

{¶ 17} 2. The court shall absorb the court costs of this case in excess of the filing fee.

Judgment for defendant.