SHUPE

v.

OHIO DEPARTMENT OF TRANSPORTATION.

2004-Ohio-644.]

Court of Claims of Ohio.

No. 2003–04457–AD.

Decided Jan. 26, 2004.

Tamara L. Shupe, pro se.

Thomas P. Pannett, Assistant Legal Counsel, Ohio Department of Transportation, for defendant.

FRED J. SHOEMAKER, Judge.

{¶ 1} The court sua sponte reassigns this case from Judge J. Warren Bettis to Judge Shoemaker. This case came to be heard by the court upon defendant's motion for court review of the clerk's determination pursuant to R.C. 2743.10(D). On December 15, 2003, the court issued an entry scheduling oral argument on the motion for January 16, 2004. Plaintiff failed to appear at the hearing; however, defendant was present and prepared to proceed.

{¶ 2} Upon careful consideration of the material contained in the case file and the decision of the clerk, the court finds that there is substantial error in the decision. Specifically, the court finds that the clerk's finding at ¶ 6 of the memorandum decision that the "tree limb which caused plaintiff's property damage was obviously leaning over defendant's right-of-way by several feet" is not supported by the evidence. The court notes that plaintiff presented no evidence with her complaint regarding the condition of the tree limb that fell on her vehicle. In addition, the court finds that the clerk's statements at ¶ 9 of the memorandum decision that defendant's "presence in the particular and general area of State Route 99 on multiple occasions prior to March 8, 2003, constitutes constructive notice of the dangerous condition which caused plaintiff's damage" and that "[t]ree limbs do not normally fall on vehicles without some negligence involved" are not supported by the evidence. "[T]he trier of fact is precluded from making an inference of defendant's constructive notice unless evidence is presented in respect to the time the [defect] appeared on the roadway." *Bull v. Ohio Dept. of Transp.*, 123 Ohio Misc.2d 77, 2003-Ohio-2611, 789 N.E.2d 1203, ¶ 12, citing *Spires v. Ohio Hwy. Dept.* (1988), 61 Ohio Misc.2d 262, 577 N.E.2d 458. Since plaintiff presented no evidence with regard to the condition of the tree limb, the trier of fact is precluded from making an inference of defendant's constructive notice.

{¶ 3} Accordingly, defendant's motion for court review is GRANTED. The September 10, 2003 order of the clerk granting plaintiff's claim is REVERSED. Judgment is rendered in favor of defendant. Pursuant to R.C. 2743.10(D), no further appeal may be taken from this judgment. Court costs are absorbed by the court.

Judgment reversed.

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.