[Cite as *Walendzik v. West Branch State Park*, 2011-Ohio-3541.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL WALENDZIK

     Plaintiff

     v.

WEST BRANCH STATE PARK

     Defendant

     Case No. 2010-10009-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On July 20, 2010, at approximately 10:00 a.m., a truck and boat owned by plaintiff, Michael Walendzik, were damaged when they were struck by a falling tree limb. At the time of the property damage incident, plaintiff's truck and boat were parked in a parking space in front of plaintiff's campsite at West Branch State Park, a facility owned and operated by defendant, Department of Natural Resources (DNR). The tree which caused plaintiff's property damage was growing on the state park land maintained by DNR.

{¶ 2} Plaintiff asserted that the tree limb was dead, and that it had broken off of a tree located next to the parking space. The tree limb fell across the front of plaintiff's boat and the back of the truck, damaging the forward area of the boat as well as the tailgate and the rear quarter panel of the truck. Plaintiff insisted all the damage to his personal property was proximately caused by negligence on the part of DNR personnel in not eliminating a dangerous condition (dead tree limb) on park premises. Plaintiff filed this complaint seeking to recover $795.00, the total cost to repair the damage listed. The requisite $25.00 filing fee was paid.

{¶ 3} Plaintiff did not submit any photographic evidence depicting the tree limb

which damaged his truck and boat.

{¶ 4}   Defendant denied plaintiff's property damage was caused by any negligent act or omission on the part of DNR employees.  Defendant asserted the tree was not marked or scheduled for any trimming or removal by park maintenance and stated that the tree remains viable.  Defendant further denied having any notice, either actual or constructive, that the limb presented any hazard or that the limb was about to fall.  Defendant submitted photographs depicting the tree in question and asserted that the tree appears to be alive and healthy.

{¶ 5}   In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Defendant was charged with a duty to exercise ordinary care for the safety and protection of plaintiff's property which included maintaining the DNR premises in a reasonably safe condition and warning of known concealed defects or correcting such defects.

{¶ 6}   "The trier of fact is precluded from making an inference of defendant's constructive notice unless evidence is presented in respect to the time the [defect] appeared." *Bull v. Ohio Dept. of Transp.*, 123 Ohio Misc.2d 77, 2003-Ohio-2611, ¶12, citing *Spires v. Ohio Hwy. Dept.* (1988), 61 Ohio Misc.2d 262, 577 N.E.2d 458.  After review of the photographs, the trier of fact is not convinced the tree limb that fell upon plaintiff's truck and boat was dead or dying. The evidence presented is inconclusive to prove the tree limb in its state on July 20, 2010 presented a particular hazardous condition.  The file lacks sufficient evidence to show actual or constructive notice on the part of defendant and the trier of fact is precluded from making an inference of defendant's constructive notice.  *Shupe v. Ohio DOT*, 127 Ohio Misc. 2d 8, 2004-Ohio-644 ¶2.

Court of Claims of Ohio

MICHAEL WALENDZIK

    Plaintiff

    v.

WEST BRANCH STATE PARK

    Defendant

    Case No. 2010-10009-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Michael Waldendzik
4764 Burleigh Road
Garfield Hts., Ohio  44125

Charles G. Rowan
Department of Natural Resources
2045 Morse Road, D-3
Columbus, Ohio  43229-6693

SJM/laa
3/21
Filed 4/5/11
Sent to S.C. reporter 7/8/11