[Cite as *Bymaster v. Ohio Dept. of Transp.*, 2011-Ohio-3533.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACQUELYN BYMASTER

  Plaintiff

  v.

OHIO DEPT. OF TRANSPORTATION

  Defendant

   Case No. 2010-11145-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Jacquelyn Bymaster, filed this action against defendant, Department of Transportation (ODOT), contending her 2003 Mercury Sable was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 320 in Preble County. Specifically, plaintiff claimed her car was damaged when she drove the vehicle over a tree limb laying across the roadway at the crest of a hill "in a very shady area which could not be seen at all." Plaintiff recalled the described damage event occurred on August 17, 2010. In her complaint, plaintiff requested damage recovery in the amount of $584.77, the total cost of replacement parts and related repair expense she incurred as a result of the August 17, 2010 incident. The filing fee was paid.

{¶ 2} Defendant conducted an investigation and determined the location of the fallen tree limb "between mileposts 2.0 and 2.2 on SR 320 in Preble County." Defendant asserted "ODOT did not receive any reports of the tree limb or have any knowledge of the tree limb prior to the incident." Defendant suggested, "it is likely the tree limb existed for only a short time before the incident." Defendant pointed out plaintiff did not offer any evidence to establish the length of time the fallen tree limb was

laying on the roadway prior to her August 17, 2010 damage occurrence.

**{¶ 3}** Defendant contended plaintiff did not produce any evidence to prove her property damage was proximately caused by negligent maintenance. Defendant advised the ODOT "Preble County Manager inspects all state roadways within the county at least two times a month." Apparently, no problem with a fallen tre limb was discovered the last time State Route 320 between milepost 2.0 and 2.2 was inspected prior to August 17, 2010. The claim file is devoid of any inspection record. Defendant did submit a copy of "Maintenance Records" covering the period from February 17, 2010 to August 17, 2010, which addressed maintenance work performed on State Route 320 by ODOT personnel. On May 27, 2010, ODOT crews conducted maintenance of shrubs, plants, and trees along the roadway at milepost 2.0. The entry for this maintenance work includes the notation "tree limb hanging in road." According to the submitted "Maintenance Records," ODOT personnel conducted shoulder and ditch work at milepost 2.2 on August 12, 2010, five days prior to plaintiff's incident. The day before plaintiff's incident, August 16, 2010, ODOT crews maintained trees, plants, and shrubs at milepost 2.4. Apparently, no downed tree limb was discovered in the area when the work was performed on August 16, 2010.

**{¶ 4}** Plaintiff filed a response. Plaintiff did not provide any evidence to establish the length of time the fallen tree limb was laying on State Route 320 prior to her August 17, 2010 incident.

**{¶ 5}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio

St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 8} Ordinarily, to recover in a suit involving injury proximately caused by roadway conditions including fallen tree limbs, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the fact of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that

sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the tree limb debris was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the fallen tree limb appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the fallen tree limb on the roadway.

{¶ 11} Plaintiff, as a matter of law, in order to prevail, must present evidence with regard to the condition of the tree and the trier of fact is precluded from making any inference of prior notice unless such evidence is submitted. See *Shupe v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-04457-AD, 2004-Ohio-644; *Blausey v. Ohio Dept. of Transp.*, Ct. of Cl. No. 91-13003, 2005-Ohio-1807; *Varns v. Ohio Dept. of Transp., Dist. 5* (2006), Ct. of Cl. No. 2006-05233-AD; *Campbell v. Ohio Dept. of Transp.,* Ct. of Cl. No. 2008-01120-AD, 2008-Ohio-5777; *Miller v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-03971-AD, 2008-Ohio-5912. Plaintiff, in the instant claim, has failed to prove defendant had requisite notice of the fallen tree.

{¶ 12} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to provide sufficient evidence to prove that defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of her property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to her property. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACQUELYN BYMASTER

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2010-11145-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jacquelyn Bymaster
207 E. Main
New Paris, Ohio 45347

Jerry Wray, Director
Department of Transportation
1980 West Broad Street

Columbus, Ohio  43223

RDK/laa
3/17
Filed 4/5/11
Sent to S.C. reporter 7/8/11